39799.   HALL v. HOBBS.

DECIDED NOVEMBER 20, 1962.

*Jack D. Evans,* for plaintiff in error.

*Stevens & Stevens, B. J. Stevens,* contra.

JORDAN, Judge. Special ground 1 of the amended motion for new trial complains that the ruling of the court in refusing to invoke the rule upon timely request prior to allowing the defendant's witnesses to testify in court under oath before the jury was stricken denied to the plaintiff a substantial and positive right. We must agree with this position. The fact that the witnesses were sequestered at a later stage of the trial did not cure the error. They had already heard each other testify under oath a few minutes previously on the question of damages to the plaintiff's car and each may have been "taught" by the testimony the others gave. "The practice of separating witnesses or, as generally called, 'putting under the rule,' is of ancient origin and salutary in the proper administration of justice, the object being, of course, to prevent one witness from being taught by another as to the testimony he should give. . . The mandate of the law is that *in all cases* either party shall have the right to have the witnesses of the other party examined out of the hearing of each other, and, hence, the rule is applicable and mandatory in an interlocutory hearing for injunction. . . . It is no answer to the violation of the mandatory rule to say that the record does not show any harm to have resulted to the defendants because of this error, since it has been held in numerous cases that, whenever the rights of a party are withheld or violated, the presumption of law is that he has been injured unless the contrary plainly appears." *Poultryland, Inc. v. Anderson,* 200 Ga. 549, 561, 562 (37 SE2d 785), and cases therein cited; *Montos v. State,* 212 Ga. 764 (95 SE2d 792). Under this mandate, we think that the parties are entitled to the benefit of this rule at all stages of the proceedings in the trial of a

case, regardless of the purpose of the testimony, and the error in depriving the plaintiff in this case of this substantial right rendered all subsequent proceedings nugatory, requiring the grant of a new trial.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*