A99A2049. JACKSON v. THE STATE.
(528 SE2d 864)

ANDREWS, Presiding Judge.
Andre Jackson appeals from the judgment of conviction entered on a jury verdict finding him guilty of criminal trespass.

The accusation charged Jackson with criminal trespass in violation of OCGA § 16-7-21 (b) (2) in that he "enter[ed] upon the land or premises of another person, to wit: 811 West Street, Apartment B8, . . . being the residence of Felisha Lester, after receiving, prior to such entry, notice from Patrolman Paul Tucker that such entry was forbidden. . . ."

We agree with Jackson that the evidence presented by the State in support of this charge was insufficient for two reasons:

First, OCGA § 16-7-21 (b) (2) requires that the notice not to enter the premises be given to the accused by the owner or rightful occupant or by the authorized representative of the owner or rightful occupant. The State produced evidence that Officer Tucker notified Jackson not to enter the apartment based on a conversation the officer had with the manager of the apartment complex. The manager did not testify, and the substance of the conversation was not in evidence. Because there was no evidence that, when the officer gave the notice to Jackson, he was acting as the authorized representative of the owner or rightful occupant of the apartment, the evidence failed to establish an essential element of the offense. *Perry v. State*, 139 Ga. App. 207 (228 SE2d 195) (1976); *Joiner v. State*, 163 Ga. App. 521-522 (295 SE2d 219) (1982).

Second, Jackson established a defense to the charge of criminal trespass by showing that he entered the apartment with the permission of Lester, the tenant and rightful occupant of the apartment. "In the absence of a special contract, the landlord has no right to forbid a person to go upon the premises in the possession of a tenant, by the latter's permission and for a lawful purpose." *Mitchell v. State*, 12 Ga. App. 557, 559-560 (77 SE 889) (1913); *Horsely v. State*, 16 Ga. App. 136, 141-143 (84 SE 600) (1915).

*Judgment reversed. Ruffin and Ellington, JJ., concur.*

DECIDED JANUARY 28, 2000.

*Cork & Cork, Patrick C. Cork*, for appellant.
*J. David Miller, District Attorney, Jennifer A. Thomas, Assistant District Attorney*, for appellee.