A01A1346. HOPKINS v. THE STATE.
(553 SE2d 173)

ELLINGTON, Judge.

A Seminole County jury convicted Christopher D. Hopkins of aggravated assault, OCGA § 16-5-21 (a). Following the removal of Hopkins' trial counsel, the trial court granted Hopkins' motion for an out-of-time appeal. Hopkins appeals, challenging the sufficiency of the evidence. Finding this assertion without merit, we affirm.

On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no

longer enjoys a presumption of innocence.[1] To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt. *Kapua v. State*, 228 Ga. App. 193 (1) (491 SE2d 387) (1997).

Viewed in this light, the evidence showed that between 6:00 and 6:30 p.m. on December 26, 1995, a man and a woman traveled to Donalsonville, Seminole County, for the purpose of buying crack cocaine. The two drove to the back parking lot of a grocery store where they had bought drugs before. Three men approached the car and said, "We want all of your money." The assailant on the driver's side of the car then pulled a semi-automatic handgun. After the three assailants again demanded the victims' money, the male victim grabbed the barrel of the gun and pointed it toward the windshield. While the male victim struggled with the gunman, the other two assailants hit him. The gunman pulled the gun away from the male victim and fatally shot the female victim. The three assailants then ran away.

At trial, an eyewitness who assisted the victims after the shooting identified Lavacus Antwane Graham as the gunman. The surviving victim identified Hopkins, whom he recognized from many previous drug purchases, as one of the assailants who beat him during the attempted robbery. The eyewitness also identified Hopkins as one of the men who approached the victims' car prior to the attempted robbery. The jury convicted Hopkins of aggravated assault of the male victim but acquitted him of murder, felony murder, and aggravated assault of the female victim.

Hopkins argues, correctly, that there was no evidence that he was the gunman. He contends that the evidence was insufficient to support a conviction of aggravated assault of the male victim in that there was no evidence he assaulted the victim with the intent to rob, OCGA § 16-5-21 (a) (1), or that he was a party to Graham's assault with a deadly weapon, OCGA §§ 16-2-20 (a); 16-5-21 (a) (2). At trial, Hopkins advanced the defense theory that he was not associated with Graham, the gunman, but that he was merely present at the time of the shooting as a competing drug dealer seeking to make a sale.

Hopkins contends that testimony of the eyewitness who drove the victims to the hospital supported his defense that he approached the car only with the intent to make a drug sale, not to commit a robbery. Specifically, the eyewitness testified that when Hopkins approached the male victim's side of the car, the victim asked to "see the stuff" and Hopkins asked to first "see the money." Hopkins fur-

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

ther contends that the testimony of the male victim that the three assailants approached the car and immediately demanded all their money was "successfully impeached" by proof of the victim's pretrial testimony that, when Hopkins first came up to his window, he asked, "What's up?" Hopkins contends this testimony supported his defense that he was merely hoping to make a drug sale and that there was no evidence he was a participant in Graham's attempted armed robbery and assault with a deadly weapon.

These conflicts in the evidence identified by Hopkins do not support his argument that the evidence was insufficient to convict him.

> The weight and credibility of witnesses are questions for the triers of fact; that some evidence offered by a witness seems contradictory to his own or to some other's, or incomplete or uncertain, does not automatically discredit the evidence given by that witness, or others, for it is the function of the triers of fact to determine to what evidence it gives credence. It is not for us to determine or question how the jury resolved any apparent conflicts or uncertainties in the evidence.

(Citations omitted.) *Anderson v. State*, 237 Ga. App. 595, 596 (3) (516 SE2d 315) (1999). The jury's verdict demonstrates that it resolved the conflicts and found beyond a reasonable doubt that Hopkins was guilty of aggravated assault. As detailed above, the evidence showed that Hopkins approached the victims' car with Graham and that he demanded the victims' money. Further, the evidence that he did not flee when Graham drew his weapon — but rather stayed to assist in the assault by hitting the victim as he struggled for control of the gun — undermined his defense that he was merely a bystander. The evidence was sufficient for a rational trier of fact to find Hopkins willingly participated in an attempted armed robbery in which Graham threatened the victim with a handgun; therefore, the evidence was sufficient to convict him of aggravated assault. *Glore v. State*, 241 Ga. App. 646, 647-648 (1) (526 SE2d 630) (1999).

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JULY 27, 2001.

*Billy M. Grantham*, for appellant.
*Charles M. Ferguson, District Attorney*, for appellee.