## A01A1645. SMITH v. THE STATE.
### (559 SE2d 537)

Barnes, Judge.

Harold U. Smith challenges the sufficiency of the evidence to sustain his conviction of theft by taking under OCGA § 16-8-2. He urges that rather than theft, he took part in what he characterizes as an "interdepartmental exchange of property." We find the evidence sufficient to establish the theft by taking conviction and affirm.

On appeal from a criminal conviction, the appellant no longer enjoys the presumption of innocence, and we view the evidence in a light most favorable to the verdict. *Toney v. State*, 225 Ga. App. 228, 229 (483 SE2d 627) (1997). To sustain the conviction, the evidence must be sufficient to authorize the jury's finding of the defendant's guilt of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Viewed in that light, the evidence shows that a few days before their scheduled auction, confiscated vehicles belonging to Decatur County were moved to an auction site. The auction site was located next to the road department and the Decatur County Correctional Institute ("DCCI"). Several inmates from DCCI, including Smith, worked at the road department. The day after the automobiles were moved, an investigator for the county sheriff's office went to the auction site to make sure that the stereo equipment in the cars was intact because stereo equipment had previously been stolen from cars left there. Upon arrival he discovered that stereo equipment was missing from two of the automobiles. During the ensuing investigation, he received information that a road department employee, Barney McClane, had the stereo equipment.[1] McClane initially denied having the equipment, but later confessed to having it. A CD player, amplifier, crossover, and a number of CDs were recovered from his home.

McClane testified that Smith asked him to keep the stereo equipment and he agreed. He said that Smith placed the stereo equipment in his truck under a sweatshirt. When questioned, Smith

---

[1] McClane pled guilty to misdemeanor theft by receiving, OCGA § 16-8-7.

said that another DCCI inmate told him that they could take anything they wanted out of the vehicles.

At trial, Smith alleged that it was common to shift radios and CD players from one truck to another when they became available and that when McClane asked him to get stereo equipment, he assumed it was for McClane's truck. He argued that because McClane was his supervisor, Smith had to do what McClane said. While Smith does not deny putting the stereo equipment in McClane's truck, he argues that he neither withheld nor deprived Decatur County of property, a necessary element of OCGA § 16-8-2. He maintains that he simply transferred county property from one county-owned vehicle, the car, to another county-owned vehicle, the dump truck. This was "frugal, responsible government," he argues, not theft.

Under OCGA § 16-8-2: "A person commits the offense of theft by taking when he unlawfully takes or, being in lawful possession thereof, unlawfully appropriates any property of another with the intention of depriving him of the property, regardless of the manner in which the property is taken or appropriated." Further, "deprive" is defined as permanently or temporarily withholding the property of another without justification. OCGA § 16-8-1 (1) (A). Intent to use the property of another without the owner's authorization evinces an intent to commit a theft. *Sorrells v. State*, 267 Ga. 236, 238 (1) (b) (476 SE2d 571) (1996).

Although Smith suggests that he was authorized to take the stereo equipment, a county mechanic testified that inmates were expressly told to leave the radios alone and that nothing was to be removed from the vehicles except hand tools. Further, at trial, the inmate who purportedly told Smith that he could take anything out of the vehicles denied doing so, and the DCCI deputy warden testified that to his knowledge, the inmates did not have permission to remove any items from the vehicles.

Conflicts in the testimony of the witnesses, including the State's witnesses,[2] are a matter of credibility for the jury to resolve. *Hopkins v. State*, 250 Ga. App. 786, 788 (553 SE2d 173) (2001). As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld. *Grier v. State*, 218 Ga. App. 637, 638 (1) (463 SE2d 130) (1995).

Under these standards, the evidence that Smith willingly removed the stereo equipment from vehicles belonging to Decatur

---

[2] The testimony of a single witness is generally sufficient to establish a fact. OCGA § 24-4-8; *Grisson v. State*, 225 Ga. App. 816, 818 (484 SE2d 802) (1997).

County without authorization and with the intent to deprive Decatur County, either temporarily or permanently, of the property was sufficient to satisfy the standard established in *Jackson v. Virginia*, supra.

*Judgment affirmed. Smith, P. J., and Phipps, J., concur.*

DECIDED JANUARY 29, 2002.

*Billy M. Grantham*, for appellant.

*J. Brown Moseley, District Attorney, Joseph E. Griffin, Ronald R. Parker, Assistant District Attorneys*, for appellee.