A03A0393. WILSON v. THE STATE.
(581 SE2d 625)

MILLER, Judge.

Following a jury trial, Wilbert Jerome Wilson was convicted of possession of a firearm by a convicted felon and aggravated assault. On appeal he contends that the evidence at trial was insufficient to sustain his conviction for aggravated assault.[1] We hold that the evidence was sufficient for the jury to conclude that Wilson was guilty of the charged offense beyond a reasonable doubt and therefore affirm.

Viewed in the light most favorable to the verdict, the evidence reveals Wilson was driving in a truck with his cousin, and that his cousin leaned out of the window and shouted a racial slur at the victim. The victim chased the car on foot, and Wilson stopped the car around a nearby corner. By the time the victim rounded the corner, Wilson was already standing outside of the truck and pointing a shotgun at the victim. While the victim was standing six to seven feet away from Wilson, Wilson shot the victim in the leg and lower groin area, causing serious injury to him.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the

---

[10] *Head v. Carr*, 273 Ga. 613, 624 (4) (C) (2) (544 SE2d 409) (2001).

[1] Wilson does not challenge his conviction for possession of a firearm by a convicted felon.

charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

A person is guilty of aggravated assault "when he or she assaults [w]ith a deadly weapon or with any object, device, or instrument which, when used offensively against a person, is likely to or actually does result in serious bodily injury. . . ." OCGA § 16-5-21 (a) (2). An assault occurs when a person "[a]ttempts to commit a violent injury to the person of another; or [c]ommits an act which places another in reasonable apprehension of immediately receiving a violent injury." OCGA § 16-5-20 (a) (1), (2).

Here the victim testified that Wilson pointed a shotgun at him and shot him while the victim was standing at least six feet away from Wilson. The gunshot caused serious injury to the victim's thigh and groin. The jury was free to believe or disbelieve Wilson's testimony that the gun went off by accident during a struggle with the victim, in which the victim was acting as the aggressor. See *Render v. State*, 257 Ga. App. 477, 478 (1) (571 SE2d 493) (2002). Ample evidence sustained the conviction for aggravated assault.

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED APRIL 3, 2003 —
RECONSIDERATION DENIED APRIL 18, 2003.

*Walter E. Baker*, for appellant.

*Timothy G. Vaughn, District Attorney, Russell P. Spivey, James E. Turk, Assistant District Attorneys*, for appellee.

