## A03A2089. ALEXANDER v. THE STATE.
(590 SE2d 233)

RUFFIN, Presiding Judge.

A jury found Clifford Alexander, Jr. guilty of aggravated assault. On appeal, Alexander challenges the sufficiency of the evidence. Alexander also contends that the trial court erred in failing to declare a mistrial after the prosecutor identified him to jurors during voir dire. Finding Alexander's contentions meritless, we affirm.

1. On appeal, Alexander no longer enjoys a presumption of innocence, and we construe the evidence, and all reasonable inferences therefrom, in a light most favorable to the jury's verdict.[1] We neither weigh the evidence nor assess witness credibility, but merely ensure that the evidence was sufficient to enable a rational trier of fact to find each element of the crime charged beyond a reasonable doubt.[2]

Viewed in this light, the evidence shows that on April 14, 2001, Greg Robinson and his sister, Tori Coston, went to see their sister, Brenda Atkins. Alexander, who was Atkins' boyfriend, also was present. According to Robinson, Alexander appeared "heavily intoxicated." Following an argument between Robinson and Atkins, Alexander pushed Robinson to the ground. When Robinson stood up, Alexander pointed a gun in his face. Robinson immediately turned and ran, and Alexander began firing the gun, striking Robinson in the side.

Both Robinson and Coston — the only eyewitnesses to testify — stated unequivocally that Alexander opened fire on Robinson. And the jury found Alexander guilty of aggravated assault. On appeal, Alexander contends that there were conflicts in the evidence that no rational person could have discounted. Thus, he reasons, the trial court should have directed a verdict in his favor. However, the mere existence of conflicts in the evidence does not mandate acquittal. Rather, it is the jury's function to resolve such conflicts.[3] Here, the jurors resolved the conflicts against Alexander, and we will not disturb their verdict on appeal.[4]

---

[1] See *Wilson v. State*, 261 Ga. App. 28-29 (581 SE2d 625) (2003).
[2] See id.
[3] See *Williams v. State*, 253 Ga. App. 458 (1) (559 SE2d 516) (2002).
[4] See id. at 458-459; *Hopkins v. State*, 250 Ga. App. 786, 788 (553 SE2d 173) (2001); *Hardy v. State*, 240 Ga. App. 115, 121-122 (8) (522 SE2d 704) (1999).

2. In a separate claim of error, Alexander contends that the trial court erred in denying his motion for a mistrial after the prosecutor "identified [Alexander] by name" during voir dire. There is no indication in the record that the prosecutor said or even intimated that Alexander was guilty.[5] Rather, the record indicates that, in qualifying the jury, the prosecutor merely asked jurors if they knew Alexander.

Contrary to Alexander's contention on appeal, the prosecutor was not only permitted to give Alexander's name to the jury, he was required to do so. Under OCGA § 15-12-163 (b) (4), the State must determine whether the accused is related to any potential juror. And, under OCGA § 15-12-164 (a) (2), jurors must be asked if they have any prejudice or bias toward the accused. It would be impossible to conduct these inquiries without providing jurors the name of the defendant.

"The single purpose for voir dire is the ascertainment of the impartiality of jurors, their ability to treat the cause on the merits with objectivity and freedom from bias and prior inclination."[6] It is not to elicit evidence. It follows that the prosecutor's identification of Alexander was not improper, and the trial court did not err in denying his motion for mistrial on this basis.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED NOVEMBER 20, 2003.

*Walter E. Van Heiningen*, for appellant.

*J. David Miller, District Attorney, James E. Hardy, James L. Prine II, Assistant District Attorneys*, for appellee.

---

[5] In fact, voir dire was not transcribed, which arguably precludes us from addressing this issue at all. See *Campbell v. State*, 253 Ga. App. 325, 326 (2) (558 SE2d 857) (2002). But both Alexander and the State agree that the prosecutor identified Alexander by name, and Alexander's objection is contained in the record.

[6] (Punctuation omitted.) *Stewart v. State*, 262 Ga. App. 426, 427 (1) (585 SE2d 622) (2003).