A07A2442. OSBORNE v. THE STATE.
(665 SE2d 1)

BARNES, Chief Judge.

Grams Bola Osborne was charged with misdemeanor criminal trespass and obstruction. Following a jury trial at which he proceeded pro se, Osborne was found guilty of criminal trespass. He now appeals pro se, contending, among other things, that the evidence was insufficient to sustain his conviction. We agree and reverse.

---

"On appeal, [Osborne] no longer enjoys a presumption of innocence, and we construe the evidence, and all reasonable inferences therefrom, in a light most favorable to the jury's verdict." (Footnote omitted.) *Alexander v. State*, 264 Ga. App. 251 (1) (590 SE2d 233) (2003).

So viewed, the evidence demonstrates that on the evening of October 25, 2006, a deputy with the Cobb County Sheriff's Department was working security at the AMC theater on Cobb Parkway. The officer observed Osborne walking up and down the lobby "looking at people, walking up to them, just kind of like blatantly staring at them." The officer testified that it was not behavior that he thought "a reasonable person would do," and noted that Osborne primarily stared at women. The officer talked with Osborne, ascertained that he did not have a movie ticket, and instructed Osborne not to "come back to this theater. If you do come back and continue with your actions, you will be charged with criminal trespass." Osborne left the theater.

The next evening, October 26, 2006, Osborne went to the same AMC theater apparently to speak with theater management about the incident. Another deputy with the Cobb County Sheriff's Department was working security that night, and it is unclear from the record if he approached Osborne first or if Osborne approached him. The record shows, however, that the officer called the deputy from the previous night who recounted the incident with Osborne, including the fact that Osborne was told not to return to the theater or he would be arrested for criminal trespass. The deputy arrested Osborne and also issued him a criminal trespass warning from the theater which was signed by the manager on duty. The warning indicated that "on this date of [October 26, 2006], that Grams Osborne is forbidden to return to AMC Parkway Point . . . for the following reason[s]: disruption, obstruction of an officer, [and] criminal trespass."

OCGA § 16-7-21 (b) (2) provides that a person commits criminal trespass when he "[e]nters upon the land or premises of another person . . . after receiving, prior to such entry, notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant that such entry is forbidden." "Essential to establishment by the state of the offense charged against defendant was a showing that his entry into the [premises] had previously been *expressly* forbidden." (Emphasis supplied.) *Scott v. State*, 130 Ga. App. 75, 78 (3) (202 SE2d 201) (1973). The statute also requires that the notice not to enter the premises be given to the accused by the owner or rightful occupant or by the authorized representative of the owner or rightful occupant.

Here, there was no evidence that, when the first officer gave the notice to Osborne not to return, he was acting as the authorized

representative of the owner of the AMC theater. He did not testify that he talked with the manager or owner about the incident with Osborne, nor is there any indication that he was acting on their behalf in prohibiting Osborne from coming to the theater other than his being in the theater's employ as a security officer. No one from the theater testified at the trial.

The only notice from the owner or authorized representative of the owner or rightful occupant that Osborne was forbidden from entering the theater was given the next night, when the second officer in conjunction with the manager issued Osborne a criminal trespass warning. Thus, had Osborne returned to the theater after receiving the notice from the second night, he could have been arrested for criminal trespass.

Moreover, even if the first officer was authorized to give notice under the statute, the officer warned Osborne that if he came back and "continue[d] with [his] actions" he would be charged with criminal trespass. It appears that on the night he returned, Osborne did so to talk with management, and not to "continue with [his] actions" of the previous night.

Accordingly, because the State failed to establish that Osborne was provided notice that his entry had been previously forbidden by the owner or authorized agent, the evidence presented on the criminal trespass conviction was insufficient and we must reverse. *Jackson v. State*, 242 Ga. App. 113, 114 (528 SE2d 864) (2000).

*Judgment reversed. Smith, P. J., and Miller, J., concur.*

DECIDED MARCH 7, 2008.

Grams B. Osborne, *pro se.*

Barry E. Morgan, Solicitor-General, Aurieanne T. Sneed, Jessica K. Moss, Assistant Solicitors-General, for appellee.