[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 8, 2009
THOMAS K. KAHN
CLERK

_____

Nos. 08-16802 & 09-10500
Non-Argument Calendar

_____

D. C. Docket No. 08-01973-CV-WBH-1

GRAMS B. OSBORNE,

Plaintiff-Appellant,

versus

AMERICAN MULTI CINEMA, INC.,
d.b.a. AMC Theaters Parkway Point 15,
(DEPUTY) PHILLIP ANTONIO PAUL, Individual,
(DEPUTY) JEREMY GIBSON, Individual,
JOHN DOE, Individual,
a.k.a. Brittany,
JOHN DOE, Individual,
a.k.a. Taneka,
JOHN DOE, Individually,
Jointly, and Severally,
a.k.a. Insurance Company(s),

Defendants-Appellees.

Appeals from the United States District Court
for the Northern District of Georgia

(October 8, 2009)

Before MARCUS, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Grams B. Osborne appeals pro se the summary judgment against Osborne's complaint that his civil rights were violated in the events that led to his arrest and prosecution in a Georgia court for criminal trespass. See 42 U.S.C. § 1983. The district court concluded that the officers had probable cause to arrest Osborne. We affirm.

## I. BACKGROUND

Phillip Antonio Paul, a security officer for American Multi Cinema and an officer of the Sheriff's Department of Cobb County, Georgia, noticed Osborne combing the lobby and hallways of the theater. Paul watched Osborne select patrons and employees of the theater, primarily women, to approach, after which he would "blatantly stare at them." Paul confronted Osborne and questioned him about his conduct. When Osborne stated that he did not have a movie ticket, Paul told Osborne to leave the theater. Paul warned Osborne that if he did "come back

and continue with [his] actions, [he] [would] be charged with criminal trespass." An employee of the theater later told Paul that Osborne had grabbed her hand.

Osborne returned to American Cinema the next day, purchased a ticket, and asked to speak with a manager about his conversation with Paul. Osborne eventually spoke with security officer Jeremy Gibson. Gibson called Paul to inquire about his conversation with Osborne. Paul told Gibson about Osborne's odd behavior and that Paul had banned Osborne from the premises.

Gibson arrested Osborne and issued a written warning stating that Osborne was "forbidden to return" to the theater. Osborne was charged in a Georgia court for criminal trespass and obstruction of justice. A jury convicted Osborne of criminal trespass and acquitted him of obstruction of justice.

A Georgia appeals court reversed Osborne's conviction on the ground that he did not receive notice as required by state statute before he was arrested for criminal trespass. Osborne v. State, 290 Ga. App. 188, 189–90, 665 S.E.2d 1, 2 (2008). The statute required that, to prosecute for criminal trespass, the trespasser must receive notice from "the owner, rightful occupant" or an "authorized representative of the owner or rightful occupant" that he is forbidden to enter the premises, O.C.G.A. § 16-7-21(b)(2), and the evidence established that Paul had not talked to or received permission from the owner or manager of the theater

3

before he banned Osborne from the theater. Osborne, 290 Ga. App. at 189–90, 665 S.E.2d at 2. The state court explained that, had Osborne returned to the theater after he received the warning from Gibson, Osborne "could have been arrested for criminal trespass." Id. at 190, 665 S.E.2d at 2.

Osborne filed a complaint in a Georgia court that alleged he had been falsely arrested and maliciously prosecuted in violation of state law by American Cinema, Paul, Gibson, two other employees of American Cinema, and an unnamed insurance company. Osborne alleged that the defendants also had violated his rights to due process and equal protection under the Fourth, Fifth, and Fourteenth Amendments, and his rights reserved under the Ninth and Tenth Amendments. Osborne later moved to amend his complaint to add Cobb County and the State of Georgia as defendants; to withdraw his claims under state law; and to add claims of false arrest, false imprisonment, malicious prosecution, conspiracy to deprive him of his rights to due process under the Fourteenth Amendment, and retaliation for exercising his rights under the First Amendment.

American Cinema, Paul, and Gibson removed the case. Later, American Cinema moved for summary judgment. In support of its motion, American Cinema filed a transcript of Osborne's criminal trial. Osborne objected to the use

4

of the transcript and argued that he had paid a court reporter under a binding contract to record his trial and had exclusive rights to the transcript.

The district court granted summary judgment in favor of the defendants. The court granted Osborne's motions to include additional defendants and his complaints about the violation of his civil rights. The district court ruled that no dispute of fact existed about whether Gibson had probable cause to arrest Osborne and that the existence of probable cause precluded relief for Osborne's complaints of false arrest, false imprisonment, malicious prosecution under federal and state law, conspiracy to violate his constitutional rights, and the violation of his rights under the First Amendment. The district court ruled, in the alternative, that Osborne failed to state a claim for a violation under the First Amendment because he "[had] identified neither the protected speech that was suppressed or retaliated against nor the manner in which Defendants supposedly suppressed speech or retaliated against him."

## II. STANDARDS OF REVIEW

We review a summary judgment de novo. Ellis v. England, 432 F.3d 1321, 1325 (11th Cir. 2005). The party that moves for summary judgment must establish that the pleadings and evidence establish there exists no genuine issue as to any material fact. Fed. R. Civ. P. 56(c); Celotex v. Catrett, 477 U.S. 371, 325, 106 S.

5

Ct. 2548, 2554 (1986). "We review for abuse of discretion the district court's admission of evidence." United States v. Deverso, 518 F.3d 1250, 1254 (11th Cir. 2008).

### III. DISCUSSION

Osborne raises two issues for our review. First, Osborne challenges the summary judgment in favor of the defendants for his complaints of false arrest, false imprisonment, malicious prosecution, conspiracy, and violation of his rights under the First Amendment. Second, Osborne challenges the use of his state trial transcript by American Multi Cinema. These arguments fail.

The district court correctly granted summary judgment in favor of American Cinema, Deputy Sheriffs Paul and Gibson, and the State of Georgia. The district court found that Gibson had probable cause to arrest Osborne for criminal trespass and that finding was supported by the record of Osborne's state criminal proceedings. Gibson reasonably believed that Paul had banned Osborne from the theater and Gibson had probable cause to believe that Osborne, by returning to the theater, had committed criminal trespass. That Osborne's conviction was later reversed because Paul lacked authority to ban Osborne from the theater does not affect our analysis because "[p]robable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a

conviction." Holmes v. Kucynda, 321 F.3d 1069, 1079 (11th Cir. 2003). Osborne argues that the warrant for his arrest was obtained by fraud and his conviction could not provide "conclusive evidence of probable cause," Condon v. Vickery, 270 Ga. App. 322, 324, 606 S.E.2d 336, 339 (2004), but Gibson obtained the warrant after he arrested Osborne and Gibson had probable cause to make the arrest. The existence of probable cause creates an absolute bar to Osborne's complaints of false arrest and false imprisonment, see Case v. Eslinger, 555 F.3d 1317, 1326–27 (11th Cir. 2009); Marx v. Gumbinner, 905 F.2d 1503, 1506 (11th Cir. 1990), and defeats his claims for malicious prosecution, see Kjellsen v. Mills, 517 F.3d 1232, 1237–38 (11th Cir. 2008), and the violation of his rights under the First Amendment, Dahl v. Holley, 312 F.3d 1228, 1236 (11th Cir. 2002). As Osborne failed to establish that the defendants violated his constitutional rights, his complaint of conspiracy also fails. Cook v. Randolph County, Ga., 573 F.3d 1143, 1153 (11th Cir. 2009).

The district court did not abuse its discretion by admitting Osborne's trial transcript. Osborne complains that admission of the transcript violated state evidentiary rules, but when a district court exercises supplemental jurisdiction over alleged violations of state law, "federal law governs procedural issues."

McDowell v. Brown, 392 F.3d 1283, 1294 (11th Cir. 2004). Osborne cites no authority that precludes admission of the transcript in his federal proceeding.

## IV. CONCLUSION

The summary judgment against Osborne's complaint is **AFFIRMED**.