## A11A2299. SHEEHAN v. THE STATE.

(723 SE2d 724)

PHIPPS, Presiding Judge.

Renee Wise Sheehan was found guilty of criminal trespass.[1] She appeals, contending, among other things, that the evidence was insufficient to sustain her conviction. We agree and reverse.

> On appeal, [Sheehan] no longer enjoys a presumption of innocence, and we construe the evidence, and all reasonable inferences therefrom, in a light most favorable to the jury's verdict. We neither weigh the evidence nor assess witness credibility, but merely ensure that the evidence was sufficient to enable a rational trier of fact to find each element of the crime charged beyond a reasonable doubt.[2]

So viewed, the evidence showed that on July 15, 2008, a final judgment and decree of divorce was entered, dissolving the marriage of Sheehan and her husband. The divorce decree provided, among other things, that Sheehan was "not to be on the property of [her ex-husband]'s residence, place of employment, . . . [and] is to have no contact with [her ex-husband] . . . until further Order of the Court." The ex-husband testified that he had given Sheehan copies of the order on multiple occasions.

The ex-husband's employer operated a business in a small complex, consisting of a one-story suite of offices with approximately four to five other businesses. On November 11, 2008, Sheehan drove to her ex-husband's place of employment, where he had worked as a forensic engineer for the past eighteen years. Sheehan entered the building and was told by the receptionist to wait in the lobby. But instead of complying, Sheehan rushed past the receptionist, and walked around a corner to her ex-husband's office. Her ex-husband was shortly thereafter seen walking to his office, and after a few minutes, escorting Sheehan, who was cursing and yelling, to her vehicle outside. The ex-husband went back inside the building, and the receptionist, afraid that Sheehan might re-enter the building, went to her boss's office. The receptionist testified that after Sheehan cursed and yelled some more and "pounded" on a glass wall from outside, the "boss" asked Sheehan to leave. At some point Sheehan drove away.

Sheehan was accused of criminal trespass for that she did "unlawfully knowingly and without authority, enter upon the land or

---

[1] OCGA § 16-7-21 (b) (2).

[2] *Alexander v. State*, 264 Ga. App. 251 (1) (590 SE2d 233) (2003) (footnotes omitted).

premises of [her ex-husband's work place] after receiving, prior to such entry, notice from the owner or rightful occupant . . . in violation of OCGA § 16-7-21 (b) (2). . . ."[3]

OCGA § 16-7-21 (b) (2) pertinently provides that a person commits criminal trespass when he or she "[e]nters upon the land or premises of another person . . . after receiving, prior to such entry, notice from the owner, rightful occupant, or, upon proper identification, an authorized representative of the owner or rightful occupant that such entry is forbidden." Essential to establishment by the state of the offense charged was a showing that Sheehan's entry into the premises had previously been *expressly* forbidden.[4] The statute also requires that the notice to not enter the premises be given to the accused by the owner, rightful occupant, or by an authorized representative of the owner or rightful occupant.[5]

Here, there was no evidence that the owner, rightful occupant, or authorized representative of the owner or rightful occupant of the premises gave Sheehan prior notice to not enter the premises. The evidence was that pursuant to a divorce decree, Sheehan was prohibited from being on the property of her ex-husband's work place until further order of the court. Under OCGA § 15-1-4 (a) (3), a court may inflict punishment for *contempt of court* in response to, among other things, "[d]isobedience or resistance by any . . . party, . . . or other person or persons to any lawful writ, process, order, rule, decree, or command of the courts." While a court may inflict punishment for contempt, this was not a contempt of court proceeding.

Nor was there evidence that the ex-husband was the rightful occupant of the premises. We have previously acknowledged that, for purposes of issuing a criminal trespass warning, notice was sufficient when authorized or given by employees such as managers or supervisors, and some other employees (such as security officers) when it was shown that they were acting as authorized representatives of the owner, manager, or supervisor of the premises.[6]

---

[3] Sheehan was accused of disorderly conduct, but the court granted a directed verdict as to that charge.

[4] *Rayburn v. State*, 250 Ga. 657 (2) (300 SE2d 499) (1983) (notice is an essential element of the offense of criminal trespass, and must be proven by the state beyond a reasonable doubt at trial); *Osborne v. State*, 290 Ga. App. 188, 189 (665 SE2d 1) (2008); *Scott v. State*, 130 Ga. App. 75, 78 (3) (202 SE2d 201) (1973).

[5] See *Osborne*, supra.

[6] *Osborne*, supra at 189-190 (criminal trespass conviction reversed where there was no evidence that when a police officer working security at a movie theater gave notice to the defendant to not return to the premises, he was acting as the authorized representative of the theater owner; no one from the theater testified at trial; court noted that notice given the following night however, was sufficient, when the manager had signed a criminal trespass warning forbidding the defendant from returning to the theater and the warning was served

Sheehan argues that there was insufficient evidence that her ex-husband was an authorized representative of his employer because he was a regular employee, and not a manager. But under the accusation, as it regards the individual giving the trespass warning, the state was required to show that notice was given by the owner or rightful occupant, not an authorized representative.

In accord with the cases cited herein, the evidence failed to show that the ex-husband owned, managed, or supervised the premises, or that he was otherwise a rightful occupant. In the absence of supporting authority, we do not find, as the state would have us do, that an employee is, by virtue of the length of time he has been employed at his work place, a rightful occupant of the premises. Accordingly, because the state failed to establish beyond a reasonable doubt that Sheehan was provided prior notice by the owner or rightful occupant that her entry was forbidden, we must reverse the conviction.[7]

*Judgment reversed. Andrews and McFadden, JJ., concur.*

DECIDED FEBRUARY 23, 2012.

*Andrew T. Mosley II*, for appellant.
*Rosanna M. Szabo, Solicitor-General, Joelle M. Nazaire, Assistant Solicitor-General*, for appellee.

---

upon the defendant by a security officer); *Jackson v. State*, 242 Ga. App. 113, 114 (528 SE2d 864) (2000) (criminal trespass conviction reversed because there was no evidence that patrolman was acting as the authorized representative of the owner or rightful occupant of the apartment when patrolman warned defendant to stay away from the apartment); *Hope v. State*, 193 Ga. App. 202, 204 (1) (b) (387 SE2d 414) (1989) (criminal trespass conviction affirmed where city owned the airport and defendant argued that the police officer who prohibited his return to the airport was not the owner, rightful occupant, or authorized representative of the owner or rightful occupant; we held that a police officer, whether possessing power of arrest or not, is a representative of the city of which he is a sworn officer while protecting the property of that city and is authorized to bar him from property); *Rayburn*, supra at 657-658 (2) (criminal trespass conviction affirmed where security officer, as an authorized representative of the owner of a bus station, warned defendant to stay off the premises); see also *W. L. N. v. State*, 170 Ga. App. 689, 690 (1) (318 SE2d 80) (1984) (affirming adjudication of delinquency for violation of OCGA § 16-7-21 (b) (2) where appellant remained on premises upon being given notice by an apartment complex maintenance supervisor, as an authorized representative of the owner, to depart from the premises).

[7] Id.; *Alexander*, supra.