**SECOND DIVISION
BARNES, P. J.,
MCFADDEN and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/**

**February 5, 2013**

# In the Court of Appeals of Georgia

A12A1958. HINTON v. THE STATE.

BARNES, Presiding Judge.

Taylor Ann Hinton was charged by accusation with driving under the influence of alcohol to the extent that it was less safe to drive ("DUI - less safe"). Following a bench trial, the trial court found her guilty of the charged offense. Hinton now appeals, contending that there was insufficient evidence to support her conviction.[1] We disagree and affirm.

---

[1] Hinton also was charged with and convicted of possession of an alcoholic beverage by an underage person, failure to obtain a Georgia driver's license, speeding, and possession of an open container of an alcoholic beverage. She does not challenge the sufficiency of the evidence regarding these convictions. Additionally, Hinton was charged with but acquitted of reckless driving.

"On appeal from a criminal conviction that follows a bench trial, the defendant no longer enjoys a presumption of innocence, and we view the evidence in a light favorable to the trial court's finding of guilt[.]" (Citation omitted.) *Hickman v. State*, 311 Ga. App. 544, 545 (716 SE2d 597) (2011). So viewed, the evidence showed that on the night of January 13, 2007, a sergeant with the City of Atlanta Police Department was on patrol within the city limits, traveling down Piedmont Road in Fulton County. The sergeant had over 17 years of experience with the police department and was certified in the administration of field sobriety evaluations. He also was a member of the police department's DUI task force and had made approximately 600 DUI arrests during the course of his seven-and-a-half years as a task force member.

Around 11:50 p.m., the sergeant observed an orange BMW traveling toward him that appeared to be speeding. Based on his visual observation and laser speed detection device, the sergeant determined that the vehicle was traveling at 51 miles per hour in a posted 35 mile-per-hour zone.

The sergeant initiated a traffic stop. The vehicle pulled over, but in the process drove onto the sidewalk. Once the vehicle stopped, the sergeant approached the driver, later identified as Hinton, who was seventeen years old. During their initial

2

encounter at the car window, the sergeant noticed an odor of alcohol coming from Hinton and asked her about it. Hinton denied having consumed any alcoholic beverages that night.

The sergeant had Hinton exit her vehicle so that he could perform a series of field sobriety tests. As he spoke with Hinton, the sergeant noticed that her speech was slurred. Hinton claimed that she smelled of alcohol because someone had spilled a drink on her clothing, but the sergeant determined that the odor of alcohol was coming from her breath. The sergeant further noted that Hinton's eyes were glassy and her pupils were dilated. When asked about her dilated pupils, Hinton claimed to be on medication but did not elaborate. Hinton also stated that she was nervous and felt like she was going to vomit.

The sergeant asked Hinton if she would perform the horizontal gaze nystagmus ("HGN") field sobriety test, and she agreed. Hinton exhibited six out of six clues of impairment on the HGN test. The sergeant asked Hinton if she would submit to a preliminary Alcosensor breath test, but she replied that she would not do any further tests without first consulting with her parents. According to the sergeant, Hinton then went "haywire," which included crying, cursing at him, arguing with him, and accusing him of profiling her because she drove an orange BMW. The sergeant

3

suspended any further field sobriety tests because he felt "it wasn't safe for [him] to continue asking her to do something she didn't want to do."

At that point, the sergeant concluded, based on his training and years of experience, that Hinton was under the influence of alcohol to the extent that she was a less safe driver and placed her under arrest. After placing Hinton under arrest, the sergeant read her the Georgia Implied Consent Warning for drivers under the age of 21. He requested that Hinton take a State-administered breath test, but she refused.

During a subsequent inventory search of the interior of Hinton's vehicle, the sergeant discovered several unopened cans of beer in the car and one opened can behind the passenger seat. There was spilled beer in the front cup holder, as well as spilled beer underneath the passenger seat, consistent with Hinton having moved the open beer can from the cup holder to behind the passenger seat in an effort at concealment. No medications were found in the vehicle during the inventory search.

Hinton was charged by accusation with DUI - less safe, and she agreed to a bench trial. The sergeant who stopped Hinton and arrested her testified to his observations as set out above, and he also gave his opinion, based on his "experience and training and over 600 DUI arrests," that she had been under the influence of alcohol that night. Hinton chose not to testify and did not present any evidence on her

4

own behalf. After hearing from the sergeant, the trial court found Hinton guilty, leading to this appeal.

In her sole enumeration of error, Hinton contends that the evidence was insufficient to sustain her conviction for DUI - less safe. In reviewing a conviction for evidence sufficiency, we do not weigh the evidence or determine witness credibility, but instead construe the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the verdict. *Sheehan v. State*, 314 Ga. App. 325 (723 SE2d 724) (2012). Construing the evidence in this manner, we must uphold the factfinder's verdict "if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Citation omitted.) *Barnett v. State*, 275 Ga. App. 464 (1) (620 SE2d 663) (2005).

OCGA § 40-6-391 (a) (1) provides that "[a] person shall not drive or be in actual physical control of any moving vehicle while[] . . . [u]nder the influence of alcohol to the extent that it is less safe for the person to drive." To sustain a conviction under this statutory provision, the State must prove that the defendant was "(1) driving, (2) under the influence of alcohol, (3) to the extent that it was less safe for the person to drive." (Footnote omitted.) *Jaffray v. State*, 306 Ga. App. 469, 471 (1) (702 SE2d 742) (2010).

5

Hinton does not dispute that she was driving or that she was doing so in a manner less safe. Rather, her sole contention on appeal is that the State failed to establish beyond a reasonable doubt that she was under the influence of alcohol. We are unpersuaded and instead conclude that the evidence presented by the State was sufficient for any rational trier of fact to have found Hinton guilty of DUI - less safe beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

"The testimony of a single witness is generally sufficient to establish a fact." OCGA § 24-4-8. Here, the sergeant testified regarding Hinton's speeding and driving onto the sidewalk, the smell of alcohol on her breath, her argumentative and belligerent behavior towards him, her slurred speech, her watery eyes with dilated pupils, her failure of the HGN test, her refusal to submit to the Alcosensor breath test or to the State-administered breath test, and the open beer can inside her vehicle (some of which had spilled into the front cup holder). Additionally, the sergeant opined that, based upon his training, experience, and observations, Hinton had been under the influence of alcohol.

The sergeant's testimony was sufficient to prove beyond a reasonable doubt that Hinton was under the influence of alcohol. See *Corbin v. State*, 305 Ga. App.

6

768, 769-770 (1) (700 SE2d 868) (2010) (evidence supporting DUI – less safe conviction included defendant's erratic driving, his odd and belligerent behavior, the odor of alcohol on his breath and his person, his watery eyes, his refusal to submit to an Alcosensor breath test or State-administered breath test, and an open container found in his truck); *Matheson v. State*, 249 Ga. App. 200, 201 (1) (547 SE2d 774) (2001) (noting that the "refusal to submit to an alco-sensor test and to a later chemical test of her breath is circumstantial evidence of [the defendant's] guilt"); *Lee v. State*, 280 Ga. App. 706, 707 (634 SE2d 837) (2006) (evidence supporting DUI - less safe conviction included driver's speeding, his odd behavior, the odor of alcohol on his breath, his glassy eyes, his slurred speech, his refusal to submit to field sobriety tests, the two open containers in his vehicle, and the officer's opinion that the driver was under the influence of alcohol); *Drogan v. State*, 272 Ga. App. 645, 647 (1) (b) (613 SE2d 195) (2005) (proof in DUI - less safe case can include officer's observations of defendant and resulting opinion testimony).

Hinton, however, argues that her conviction must be reversed because the evidence presented by the State allegedly failed to exclude every alternative,

7

reasonable hypothesis of her innocence. See OCGA § 24-4-6.[2] Specifically, she contends that the evidence also supported the alternative, reasonable hypothesis that she was under the influence of the medication that she was taking rather than alcohol. We conclude that Hinton's reliance on the reasonable hypothesis rule is unavailing for two reasons.

First, the reasonable hypothesis rule applies only when all of the evidence against the defendant was circumstantial. See *Meeks v. State*, 281 Ga. App. 334, 337 (636 SE2d 77) (2006). But the sergeant's opinion testimony that Hinton was under the influence of alcohol was direct evidence of her guilt. See *Jaffray*, 306 Ga. App. at 471 (1); *Yglesia v. State*, 288 Ga. App. 217, 218 (653 SE2d 823) (2007); *Waits v. State*, 232 Ga. App. 357, 359 (2) (501 SE2d 870) (1998). Accordingly, the reasonable hypothesis rule is inapplicable under the circumstances of this case. See *Meeks*, 281 Ga. App. at 337.

---

[2] OCGA § 24-4-6 provides: "To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."

Second, even if the evidence against Hinton had been entirely circumstantial, "it is well settled that DUI may be proved solely by circumstantial evidence." (Punctuation and footnote omitted.) *Jaffray*, 306 Ga. App. at 471 (1).

> Furthermore, where the defendant offers an explanation of circumstantial facts or an alternative hypothesis of events, the reasonableness of that explanation is for the factfinder. Because the factfinder has heard the witnesses and observed them testify, it is considered more capable of determining the reasonableness of the hypothesis produced by the evidence or lack thereof than is an appellate court.

(Footnote omitted.) *Wells v. State*, 297 Ga. App. 153, 157-158 (1) (b) (676 SE2d 821) (2009). In light of the sergeant's testimony about the odor of alcohol on Hinton's breath, her refusal to submit to the Alcosensor breath test or to the State-administered breath test, and the open beer can in her vehicle that had partially spilled into the front cup holder, the trial court was authorized to reject the defense's theory that Hinton was under the influence of some unidentified medication rather than alcohol.

Nevertheless, Hinton emphasizes that during cross-examination, the sergeant conceded that dilated pupils can indicate that someone is under the influence of some type of drug, and he also conceded that there was a "50/50" chance, based on Hinton's manifestations before her arrest, that she was under the influence of a

9

medication rather than alcohol. But, as discussed above, there was evidence that Hinton did not simply have dilated pupils; most notably, her breath also smelled of alcohol. Furthermore, read in context, the sergeant's concession about the "50/50" chance of Hinton being under the influence of a medication concerned her manifestations that the sergeant observed before her arrest. After her arrest, the sergeant's inventory search of her car revealed several cans of unopened beer, plus a can of opened beer that had spilled in the front cup holder, which, of course, provided additional evidence that Hinton was under the influence of alcohol rather than some unidentified medication.

For these reasons, contrary to Hinton's argument, the limited concessions made by the sergeant on cross-examination did not render the verdict of guilty unsupportable as a matter of law. See *O'Connell v. State*, 285 Ga. App. 835, 837 (1) (a) (648 SE2d 147) (2007) ("[W]hen the trier of fact rejects an alternative hypothesis in favor of the State's evidence of guilt, this Court is not authorized to reweigh the evidence, and we will not reverse unless the verdict of guilty is unsupportable as a matter of law.") (citation, punctuation, and emphasis omitted). Hinton's conviction for DUI - less safe, therefore, is affirmed.

*Judgment affirmed. McFadden and McMillian, JJ., concur.*

10