**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER, and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**October 3, 2013**

# In the Court of Appeals of Georgia

A13A1441. SMITH v. THE STATE.

BARNES, Presiding Judge.

After a bench trial, Karen Smith was convicted of driving under the influence of alcohol to the extent she was less safe, in violation of OCGA § 40-6-391 (a) (1).[1] She argues that the trial court erred by refusing to sequester the State's witnesses during a hearing on the State's motion in limine and by excluding as irrelevant the results of a blood test she took after she was released from jail. Because the trial court erred in denying Smith's motion to invoke the mandatory rule of sequestration during a pre-trial evidentiary hearing, we reverse the DUI conviction and remand for a new trial, but find no error in the exclusion of the test.

---

[1]Smith was also convicted of failing to maintain her lane and failure to exercise due care, but does not challenge those convictions on appeal.

"On appeal from a criminal conviction that follows a bench trial, the defendant no longer enjoys a presumption of innocence, and we view the evidence in a light favorable to the trial court's finding of guilt." (Citation and punctuation omitted.) *Hinton v. State*, 319 Ga. App. 673 (738 SE2d 120) (2013). So viewed, the evidence showed that in January 2011, two police officers saw Smith swing wide into the turn lane as she turned from one road to another. The officers followed Smith for about a mile and after observing her weave two or three feet over the center line at least four times, they initiated a traffic stop.

Smith had a strong odor of alcohol on her breath, her eyes were bloodshot, glazed, and watery, and her speech was slow and slurred. She told one of the officers she had not drunk any alcohol but when he said he smelled it, she admitted she had one drink earlier. When he questioned her about the timing and amount of the drink, she said, "I was told not to tell the police anything and I should get a lawyer." Two of three field sobriety tests indicated Smith was impaired, but she would not follow instructions for the third test. When a third officer arrived at the scene with a portable device to test for the presence or absence of alcohol, Smith only pretended to blow into the device and the test could not be completed.

All three officers on the scene testified that Smith smelled strongly of alcohol, and one officer testified that Smith initially denied drinking, then when confronted about the odor, admitted having one drink. Another officer testified that, when questioned further about the type and amount of alcohol she had drunk, Smith became evasive. Smith was placed under arrest and ticketed for driving under the influence of alcohol to the extent she was a less safe driver in violation of OCGA § 40-6-391 (a) (1), failure to maintain her lane, and failure to use due care. An officer read the Implied Consent Warning to her, but she refused his request for a blood test. After she was released from jail, Smith obtained a blood test that established she had no marijuana in her system, but did not exclude the presence of alcohol or any other drugs.

Smith was initially charged by accusation with three counts: driving under the influence of alcohol to the extent she was a less safe driver in violation of OCGA § 40-6-391 (a) (1), failure to exercise due care while operating a motor vehicle in violation of OCGA § 40-6-241, and failure to maintain her lane in violation of OCGA § 40-6-48 (1). A month later, in November 2011, the State added a fourth count, charging Smith with driving under the influence of alcohol and drugs, in violation of OCGA § 4-6-391 (a) (4), but in June 2012 it successfully moved the court for an

3

order of nolle prosequi on that fourth count because it had insufficient evidence to prove Smith's guilt beyond a reasonable doubt.

In July 2012, the case was called for trial. The State made a motion in limine to exclude evidence that Smith tested negative for drugs after she was released from custody, because she was not charged with driving under the influence of drugs and therefore the evidence was irrelevant. The trial court granted the State's motion, ruling that evidence showing Smith had no marijuana in her system after her release from jail was not relevant to whether she was a less safe driver under the influence of alcohol, and that the admission of this evidence would unnecessarily expand the proceedings.

Smith then moved to exclude evidence that she initially refused to take a State-administered blood test, arguing that she had rescinded her refusal. The trial court denied Smith's request to invoke the rule of sequestration before she called witnesses to testify on her motion, then denied the motion after hearing testimony from Smith and two of the officers present at her arrest. Smith waived her right to a jury trial, and after hearing evidence from the three officers involved, the trial court found Smith guilty of driving under the influence of alcohol to the extent she was a less safe driver.

1. Smith argues that the trial court erred in refusing her request to invoke the rule of sequestration before hearing witnesses on her motion in limine to exclude evidence that she refused the officers' request to take a State-administered blood test. Smith testified during the hearing that she initially refused to take a state-administered blood test because she was "in panic mode," but that after she was handcuffed and placed into the back of the patrol car she changed her mind and told the officer that she would take the test. According to Smith, after the officer told her that it was too late, she asked at the jail and was again told no, she no longer had the option to take a state-administered test. She argues that, because the trial court refused to sequester the witnesses before the motion hearing and the arresting officers remained in the courtroom during her testimony, they knew that the sole factual dispute was whether she had rescinded her refusal to take the test and knew what kind of testimony would affect the outcome of the proceedings.

Former OCGA § 24-9-61, which is applicable to this case, provided that "in all cases either party shall have the right to have the witnesses of the other party examined out of the hearing of each other. The court shall take proper care to effect this object as far as practicable and convenient, but no mere irregularity shall exclude

5

a witness."[2] Smith points out that the statute applies to "all cases," which would include evidentiary hearings as well as trials, and argues that the court's failure to sequester the State's witnesses was reversible error.

"The purpose of the rule of sequestration . . . is to ensure that the testimony of a witness who has not yet testified is not influenced by that of another witness." *Childress v. State*, 266 Ga. 425, 431 (2) (467 SE2d 865) (1996).

> The practice of separating witnesses or, as generally called, "putting under the rule," is of ancient origin and salutary in the proper administration of justice, the object being, of course, to prevent one witness from being taught by another as to the testimony he should give. . . . The mandate of the law is that in all cases either party shall have the right to have the witnesses of the other party examined out of the hearing of each other, and, hence, the rule is applicable and mandatory in an interlocutory hearing . . . .

*Poultryland, Inc. v. Anderson*, 200 Ga. 549, 561-562 (2) (37 SE2d 785) (1946); see also *Hall v. Hobbs*, 107 Ga. App. 46, 47 (129 SE2d 209) (1962).

---

[2]The new evidence code, which became effective January 1, 2013, similarly provides that, with certain exclusions not applicable here, "at the request of a party the court shall order witnesses excluded so that each witness cannot hear the testimony of other witnesses, and it may make the order on its own motion." OCGA § 24-6-615.

Exceptions to the rule exist. The trial court may allow an investigative officer to remain in the courtroom to assist the prosecutor in "[t]he orderly presentation of evidence." *Hardy v. State*, 245 Ga. 673, 674 (266 SE2d 489) (1980).[3] Thus, while application of the rule is mandatory, the trial court has the discretion to grant an exception if "it appears that in making the exception to the rule[,] the fair rights of the opposite party are secured or the impairment of the efficiency of the court avoided by allowing a deputy or other officials, who are witnesses, to remain in the courtroom." *Montos*, 212 Ga. at 765 (3). The trial court's exercise of its discretion to allow an exception to the rule will not be reversed on appeal unless it was abused. *Warner v. State*, 281 Ga. 763, 765 (2) (642 SE2d 821) (2007); *Dampier v. State*, 245 Ga. 427, 432 (6) (265 SE2d 565) (1980).

Further, our appellate courts have held that "[w]hen the rule of sequestration is violated, the violation goes to the credibility rather than the admissibility of the witness' testimony." *Johnson v. State*, 258 Ga. 856, 857 (4) (376 SE2d 356) (1989). If a witness is present despite the invocation of the rule, "[a]ny mere irregularity shall not exclude the witness. The particular circumstances of each case shall control,

---

[3]This exception is codified in OCGA § 24-6-615 (2013), which specifically does not authorize the exclusion of "a person whose presence is shown by a party to be essential to the presentation of the party's cause."

under the discretion of the court." (Citation and punctuation omitted.) *Gibby v. State*,

166 Ga. App. 413, 414-415 (304 SE2d 518) (1983).

But the trial court in this case did not use its discretion to decide that a witness

could remain to assist the State or to allow testimony despite an infraction of the rule.

It simply held, incorrectly, that the rule of sequestration did not apply until the first

witness was called for trial. Under the law's mandate that a party has the right to

examine the opposing party's witnesses out of the hearing of each other,

> the parties are entitled to the benefit of this rule at all stages of the
> proceedings in the trial of a case, regardless of the purpose of the
> testimony, and the error in depriving the plaintiff in this case of this
> substantial right rendered all subsequent proceedings nugatory,
> requiring the grant of a new trial.

(Citations and punctuation omitted.) *Hall v. Hobbs*, 107 Ga. App. at 47-48 (rule

applicable and mandatory during pre-trial proffer of witness testimony). Further, our

Supreme Court's holding in *Blankenship v. State*, 258 Ga. 43, 49 (9) (365 SE2d 265)

(1988), that "[t]he trial court is not required to enforce the rule of sequestration until

the presentation of evidence has begun," does not support the proposition that the rule

only applies during trials and not motions hearings. Rather, the court in *Blankenship*

held that the rule applies when witnesses are testifying and not during opening

8

statements and thus did not address the issue of sequestration in the context of pretrial hearings in which witnesses testify.

The trial court erred in denying Smith's request to invoke the rule of sequestration. Accordingly, we reverse Smith's conviction and remand for a new trial. *Poultryland, Inc.*, 200 Ga. at 562 (2); *Hall v. Hobbs*, 107 Ga. App. at 48.

2. Because the issue may arise again in a new trial, we will address Smith's contention that the trial court erred in granting the State's motion in limine to exclude evidence of the blood test Smith obtained after she was released from custody, which was negative for marijuana. Smith argues that the arresting officers believed she was under the influence of drugs, and that their report and investigation led the State to believe initially that it had sufficient evidence to prove beyond a reasonable doubt that she had been operating a vehicle under the influence of drugs to the extent she was less safe to drive. She did not have her alcohol level tested, she asserts, because she did not believe she was being charged with driving under the influence of alcohol. She contends that evidence showing that she had no marijuana in her system was admissible to cast doubt upon the reliability of the officers' field sobriety evaluations and ability to detect whether a driver was impaired.

9

"The admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court, whose decision will not be disturbed on appeal absent a clear abuse of discretion." *Davis v. State*, 301 Ga. App. 484, 488 (3) (687 SE2d 854) (2009). Evidence is relevant if it tends to prove or to disprove a material fact at issue, and every act or circumstance which serves to explain or throw light upon a material issue is relevant. See *Sailor v. State*, 265 Ga. App. 645, 648 (2) (595 SE2d 335) (2004).

The elements of the crime of driving while under the influence of alcohol to the extent that it is less safe to drive are: (1) driving, (2) under the influence of alcohol, (3) to the extent that it was less safe for the person to drive. OCGA § 40-6-391 (a) (1); *Shaheed v. State*, 270 Ga. App. 709, 710 (1) (607 SE2d 897) (2004). In this case, the arresting officer gave Smith a ticket for "DUI Less Safe" in violation of OCGA § 40-6-391 (a) (1). While the State subsequently added a count of driving under the influence of alcohol and drugs in violation of OCGA § 40-6-391 (a) (4), the trial court granted an order of nolle prosequi two weeks before trial, and the State tried Smith only for violating OCGA § 40-6-391 (a) (1) by driving under the influence of alcohol to the extent she was a less safe driver.

While Smith elicited testimony from the officers establishing that some of her manifestations of impairment indicated drugs instead of alcohol and some indicated impairment from either substance, the issue before the fact-finder was only whether she was under the influence of alcohol to the extent she was a less safe driver, not whether she might have also ingested drugs. The blood test she obtained after she was released from jail shed no light on her alcohol impairment, and the trial court did not abuse its discretion in excluding it. See *Allen v. State*, 229 Ga. App. 435, 439 (2) (c) (494 SE2d 229) (1997) (physical precedence only) (evidence of independent test for alcohol taken eight hours after arrest was irrelevant and properly excluded).

Accordingly, we find no error in the trial court's grant of the State's motion in limine to exclude this evidence.

*Judgment reversed and case remanded for new trial. Miller and Ray, JJ., concur.*