A89A2082. REEDMAN v. THE STATE.
(388 SE2d 763)

BANKE, Presiding Judge.

Reedman brings this appeal from his conviction of possession of cocaine with intent to distribute.

The state's evidence established that the appellant had approached two undercover Atlanta police detectives at approximately 1:30 a.m. on a Sunday morning and asked them if they wanted to purchase some "rock." The officers replied affirmatively and followed the appellant approximately 50 feet to a store front, where an associate, who was tried with the appellant, was waiting. The appellant told his associate "what the men wanted," and the associate in turn produced two plastic bags containing "rock cocaine," which he then sold

to one of the detectives for $30. While this transaction was taking place, the appellant stood approximately three feet away, serving as a lookout. The detectives then announced that they were police officers and arrested the two men. *Held*:

1. The appellant, who represented himself at trial and continues to do so on appeal, complains that the trial court's denial of his pretrial motion for bond prevented him from adequately preparing his case for trial. Following his arrest, the appellant made application for appointment of counsel, and the Fulton County Public Defender was appointed to represent him. Subsequently, however, the appellant expressed a desire to represent himself, whereupon the public defender was appointed to assist him as co-counsel. Later still, the Supreme Court rendered its holding in *Seagraves v. State*, 259 Ga. 36, 39 (376 SE2d 670) (1989), that "a layperson does not have the right to represent himself and also be represented by an attorney. . . ." Based on this decision, the trial court advised the appellant that he would have to choose between representing himself and being represented by the public defender. The court strongly advised the appellant to choose the latter option, but he refused and proceeded to trial pro se.

In *Kesler v. State*, 249 Ga. 462 (3), 468 (291 SE2d 497) (1982), the Supreme Court rejected the argument that the right to effective assistance of counsel entitles a defendant to bail "in order to personally assist his counsel." Clearly, a defendant's entitlement to bail does not increase because he makes an election to represent himself. Accordingly, the court's denial of bail in this case affords no basis for reversal of the appellant's conviction.

2. The appellant contends that the trial court erred in sustaining the state's objections to two questions which he posed to the prospective jurors during voir dire. However, the transcript filed with this court does not include the voir dire proceedings. "Absent a transcript, this court can only presume that this portion of the trial was conducted in a regular and proper manner. [Cit.] When an appellant seeks to prove error in the trial proceedings, the burden is on him to produce a transcript of the allegedly erroneous matter. [Cit.]" *Mindock v. State*, 187 Ga. App. 508 (370 SE2d 670) (1988). Under the circumstances, this enumeration of error presents nothing for review.

3. The appellant contends that he was not furnished a copy of the indictment and list of witnesses within a sufficient period before trial to enable him to prepare his defense; however, the record reveals that the state fully complied with the requirements of OCGA § 17-7-110. Moreover, " '[n]o showing [has] been made as to how additional time would have benefited appellant or how lack of more time harmed him.' [Cit.]" *Donnelly v. State*, 166 Ga. App. 694 (306 SE2d 15) (1983). Accordingly, this enumeration of error also establishes no ground for reversal.

4. The appellant contends that the trial court erred in refusing to grant his pre-trial motion to sever the trial of his case from that of his co-defendant. "[T]he burden is on the defendant requesting the severance to do more than raise the possibility that a separate trial would give him a better chance of acquittal. [Cit.] He must make a clear showing of prejudice and a consequent denial of due process. [Cits.]" *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975). No such showing has been made in the present case. Accordingly, no abuse of discretion by the trial court has been established.

5. The trial court did not err in refusing to give the appellant's requested jury charges, inasmuch as the issues addressed therein were adequately covered by the charges given. See *Smith v. State*, 189 Ga. App. 244, 246 (375 SE2d 496) (1988).

6. The evidence was sufficient to enable a rational trier of fact to find the appellant guilty beyond a reasonable doubt of the offense of possession of cocaine with the intent to distribute. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

7. We have examined the appellant's remaining enumerations of error and have determined that they establish no ground for reversal.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED NOVEMBER 27, 1989.

Ace Reedman, *pro se.*

Lewis R. Slaton, *District Attorney*, Richard E. Hicks, William Akins, Joseph J. Drolet, Rebecca A. Keel, *Assistant District Attorneys*, for appellee.