A93A0090. HINES v. THE STATE.
(431 SE2d 137)

JOHNSON, Judge.

Richard Hines was convicted of two counts of child molestation in connection with offenses against the three-year-old daughter of his girl friend. He appeals his conviction and denial of a motion for a new trial.

1. Hines asserts that the trial court erred by refusing to strike a prospective juror for cause. The record does not contain a transcript of the voir dire proceedings. "Absent a transcript, this court can only presume that this portion of the trial was conducted in a regular and proper manner. When an appellant seeks to prove error in the trial proceedings, the burden is on him to produce a transcript of the allegedly erroneous matter." (Citations and punctuation omitted.) *Reedman v. State,* 193 Ga. App. 688, 689 (2) (388 SE2d 763) (1989). This enumeration, therefore, presents nothing for review.

2. Hines' argument that the trial court erred in denying his motion for a new trial on sufficiency of the evidence grounds is without merit. The victim, her sister, baby brother, mother and Hines shared one bedroom. Hines testified that he had been drinking all day and had been arguing with the victim's mother. The victim's mother told the investigating officer that when she entered the bedroom, she did not see the victim on the lower bunk where she normally slept, but in the upper bunk with Hines. She pulled back the covers and saw that both Hines and the victim had their pants pulled down. The victim, who was five years old at the time of the trial, testified that she could not remember anything happening between herself and Hines. But in a videotape made near the time of the incident, admitted into evidence and reviewed by this court, the victim testified that Hines pulled down her pants, put his penis between her legs and put his finger inside her, indicating by gesture, her vagina. Reviewing the evidence in a light most favorable to the jury's verdict ample evidence exists from which a rational trier of fact could have found beyond a reasonable doubt that Hines was guilty of the offenses of child molestation of which he was convicted. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Blackburn, J., and Senior Appellate Judge John W. Sognier concur.*

DECIDED APRIL 13, 1993.

*Louis M. Turchiarelli*, for appellant.

*Garry T. Moss, District Attorney, Cecelia V. Moutoux, Assistant District Attorney*, for appellee.