## A01A2284. CAMPBELL v. THE STATE.
### (558 SE2d 857)

JOHNSON, Presiding Judge.

Victor Roy Campbell was indicted for sexually abusing his stepdaughter. The multi-count indictment alleged that he began abusing her when she was 13 years old, that the abuse went on for several years, and that it included acts of oral and anal sex. Campbell pled not guilty to the charges and was tried before a jury, which found him guilty of two counts of child molestation, three counts of aggravated child molestation, one count of aggravated sexual battery, and two counts of cruelty to children in the first degree. Campbell appeals from the judgments of conviction entered on the verdict. We affirm the convictions.

1. The stepdaughter testified that over several years Campbell kissed her, placed her hand on his penis, placed his mouth on her genitals, touched her breasts and genitals with his hand, inserted his finger into her vagina, used various sexual paraphernalia with her, showed her pornographic pictures and videotapes, and inserted his penis into her mouth and anus.

After the girl's mother divorced Campbell, the girl told her mother about the abuse. Upon learning of the abuse, the mother con-

---

tacted the police. According to the mother, while they were married, Campbell tried to get her to use her daughter's name during sex. The police searched Campbell's residence and found the sexual parapher- nalia and videotapes described by the child.

Having reviewed the evidence in the light most favorable to the verdict, we find sufficient evidence from which a rational trier of fact could have found Campbell guilty of the crimes charged.[1]

2. Campbell contends that the trial judge erred in refusing to allow him to ask several questions of the jury panel during voir dire, including questions about prospective jurors' beliefs regarding sex between spouses, the jurors' own sexual conduct, and their beliefs regarding possible romantic feelings by a teenager for an adult. While the pre-trial transcript reveals that the court did disallow some of Campbell's proposed voir dire questions, the actual voir dire was not transcribed. Thus, it is impossible for us to know exactly what questions were asked of the prospective jurors and if, in the context of the full voir dire, the trial court improperly limited Camp- bell's ability to discover bias or prejudice harbored by any prospective juror.[2] Absent a transcript of the voir dire, this court must presume that this portion of the trial was conducted in a regular and proper manner.[3]

3. After he filed his enumeration of error and appellate brief challenging only the jury voir dire, Campbell secured the services of substitute appellate counsel, who has filed a supplemental brief seeking to raise the additional issue of the effectiveness of Camp- bell's trial counsel. This attempt to raise a new issue in the supple- mental brief provides nothing for us to review. "Attempts in a supple- mental brief to expand the issues beyond the scope of the enumeration of errors are improper."[4] Because there is no valid enu- meration of error raising the issue of the effectiveness of trial coun- sel, we may not consider the issue.[5]

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED JANUARY 16, 2002.

[1] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[2] See *Raulerson v. State*, 268 Ga. 623, 630 (5) (491 SE2d 791) (1997).

[3] *Hines v. State*, 208 Ga. App. 470 (1) (431 SE2d 137) (1993); *Reedman v. State*, 193 Ga. App. 688, 689 (2) (388 SE2d 763) (1989).

[4] *Holloway v. State*, 245 Ga. App. 510, 515 (4) (537 SE2d 708) (2000).

[5] See *Vick v. State*, 205 Ga. App. 600, 601 (2) (423 SE2d 46) (1992) (this court has no jurisdiction to review ineffective assistance of counsel claim where the issue was not raised in the original enumeration of errors, but is raised for the first time by substitute appellate counsel in a supplemental enumeration of error).

*Justin J. Wyatt, Joseph A. Maccione*, for appellant.
*Patrick H. Head, District Attorney, Amy H. McChesney, Eleanor A. Kornahrens, Assistant District Attorneys*, for appellee.