A02A2475. YOUNG v. THE STATE.
(573 SE2d 487)

JOHNSON, Presiding Judge.

Johnny Young was convicted of armed robbery for using a knife to take money from his mother and obstruction of a law enforcement officer for running away from the officer after having been told to stop. He appeals, arguing that there is insufficient evidence to support the armed robbery conviction and that the jury considered improper matters in reaching its verdict. Because the arguments are without merit we affirm the convictions.

1. Young's 75-year-old mother testified at trial that one morning about 1:00 she was asleep in the bedroom of her house when Young came in and asked her for $20. She gave him the money, and Young left. About 5:00 that morning, Young returned to her bedroom and again awakened her. He stood near her bed, held a butcher knife by his side, and asked for another $20. She claimed at trial that she was not afraid of her son when he had the knife. Nevertheless, she again gave him the money, and after he left she called the police.

A police officer came to the house and found the eight-inch-long butcher knife on a couch. The officer testified that, contrary to the mother's claim at trial, she told him that she was afraid of Young when he had the knife. The officer testified that on the morning of the incident the mother reported that she had given money to Young at 1:30 a.m., that he came back at 5:00 and was standing over her while she was in her bed, that he had the knife in his hand and demanded $40, that she told Young she did not have the money, that

---

[21] See *Romine v. State,* 256 Ga. 521, 526 (1) (c) (350 SE2d 446) (1986); *Thornton v. State,* 145 Ga. App. 793 (245 SE2d 22) (1978).

Young then held the knife about 12 inches above her and said that she was going to wish that she had given him more money, that she was terrified of the knife and thought that Young was going to hurt her, that she then got out of bed and gave him the $40, and that he then left.

Young contends that his armed robbery conviction cannot stand because his mother testified that she was not afraid of him when he was standing over her with a knife. The contention is incorrect because even though a witness may recant a prior statement on the stand, the prior inconsistent statement constitutes substantive evidence on which the jury may rely.[1] So despite the mother's trial testimony, her prior inconsistent statement to the police officer that she was frightened by Young was substantive evidence upon which the jury could rely.[2] The resolution of such conflicting testimony and the credibility of witnesses are matters exclusively for the jury, not for this court.[3]

Having reviewed the evidence in the light most favorable to the verdict, we find sufficient evidence from which the jury was authorized to find Young guilty beyond a reasonable doubt of armed robbery for taking money from his mother by use of a knife.[4]

2. After Young's mother gave trial testimony contradicting her prior statement to the police, the prosecuting attorney asked her if she had discussed the incident with Young. The mother responded that they had discussed the incident and then added that they had also discussed Young's drug use.

Young claims in his appellate brief that the court allowed this testimony about his drug use, over his objection, to show motive. But Young has cited no page in the transcript where he objected to the testimony, and our review of the transcript reveals that Young did not object to the testimony. Rather, the transcript shows that the mother finished her direct testimony, Young's lawyer then cross-examined her, and finally the prosecutor conducted a redirect examination. At no point during any of the mother's testimony did Young object to her reference to his drug use.

Regardless, Young now claims that the jury's armed robbery verdict was improper because it was not based on the evidence that he used a knife to force his mother to give him money, but was based solely on her statement about drugs. In support of this claim, he relies on an affidavit from the jury foreperson, who states that the jurors found Young guilty of armed robbery because they felt he had

[1] *Gunsby v. State*, 248 Ga. App. 18 (1) (545 SE2d 56) (2001).
[2] *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001).
[3] *Gunsby*, supra.
[4] OCGA § 16-8-41 (a); *Gunsby*, supra at 19 (1).

a drug problem and they hoped the court would sentence him to some sort of drug treatment.

Generally, the affidavits of jurors may not be taken to impeach their verdict.[5] But there are exceptions to this general rule when extrajudicial and prejudicial information has been brought improperly to the jurors' attention or when nonjurors have interfered with jury deliberations.[6]

In the instant case, nonjurors did not interfere with the jury deliberations, and the mother's brief reference to Young's drug use is not the sort of extrajudicial information that mandates a new trial when it is improperly brought to the jury's attention. Rather, it was simply testimony that came to the jury's attention during the course of the trial without any objection. Unlike other cases in which convictions have been reversed, there was no discussion between the jury and a nonjuror about the sentence and the information in question was not the result of a juror independently researching the law or gathering evidence.[7] The trial court did not err in refusing to impeach the verdict based on the juror's affidavit.

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED OCTOBER 31, 2002.

*Robert E. Perrine, Jr.*, for appellant.
*Cecilia M. Cooper, District Attorney*, for appellee.

---

[5] OCGA § 17-9-41.

[6] *Glover v. State*, 274 Ga. 213, 215 (3) (552 SE2d 804) (2001).

