**SECOND DIVISION**
**BARNES, P. J.,**
**RICKMAN and BETHEL, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 1, 2017**

# In the Court of Appeals of Georgia

A16A2088. MOORE v. THE STATE.

BETHEL, Judge.

Vincent Tyrone Moore appeals from the denial of his motion for a new trial. Moore argues that the evidence was insufficient to support his conviction for false imprisonment and that the trial court erred in sentencing him for two counts of armed robbery where both counts arose from a single transaction involving a single victim. Because the evidence is sufficient to support his conviction for false imprisonment, we affirm. But we vacate Moore's armed robbery conviction with respect to Count 3 because Moore could be convicted of and sentenced for only one robbery.

"On appeal, the evidence must be viewed in the light most favorable to support the verdict, and the appellant no longer enjoys a presumption of innocence." _Culver v. State_, 230 Ga. App. 224, 224 (496 SE2d 292) (1998) (_citing Williams v. State_, 228

Ga. App. 698, 699 (1) (492 SE2d 708) (1997)). So viewed, the evidence shows that Moore ambushed A. J., who was leaving a restaurant where she worked after it had closed for the evening, revealing what Moore represented to be a gun[1] hidden under his shirt. Moore shoved A. J. back into the store. Moore continued to shove A. J. toward the counter, and then ordered her to lie on the floor and not move. Another employee, T. R., who had witnessed the initial encounter between Moore and A. J., ran to alert the manager that they were being robbed. T. R. activated the silent alarm in the back of the store and then hid.

Moore subsequently approached the back of the store, and confronted the store manager and two other employees. Moore ordered the manager and another employee to open the safe, but the manager explained he was not able to do so because it was on a time-lock. Moore began counting to ten, saying he did not believe the manager. Once it became clear the manager was unable to get into the safe, Moore took the contents of the register, after being informed by the manager that it was the only money accessible in the store, as well as the manager's wallet. Moore then ordered the manager to lie on the floor.

---

[1] The evidence at trial showed that despite his representations, Moore did not possess a real gun.

2

At approximately 10:52 p.m., a police officer received a call from dispatch in response to the silent alarm being activated at the restaurant. Upon approaching the restaurant less than a minute after receiving the call, the officer witnessed Moore run across the street. The officer chased Moore and ordered him to stop and drop his weapon, which Moore did not do, and the officer lost him. Less than an hour later, another officer found Moore hiding nearby and was able to arrest Moore after a brief struggle. The manager's wallet was found approximately one foot from where Moore had fought the arresting officer, and the same amount of money missing from the wallet was found on Moore's person. The precise amount of money taken from the restaurant's register was also found near Moore's person. After being advised of his *Miranda* rights, Moore spontaneously volunteered that he had robbed the restaurant because a gang that was providing housing for his family had demanded that he do so.

Moore was convicted of obstruction with violence, two counts of armed robbery, five counts of false imprisonment, and one count of simple battery. Moore filed a motion for new trial, which the trial court denied following a hearing. This appeal followed.

1. Moore first argues, and the State concedes, that the trial court erred in sentencing him on two counts of armed robbery. Count 2 charged Moore with using an unknown weapon to take $15.60 from the restaurant's cash register in the manager's presence, and Count 3 charged Moore with using an unknown weapon to take the manager's wallet and $20 contained inside. Moore was found guilty on both counts and was sentenced to life without parole for both convictions, with his sentence for Count 3 to run concurrent with his sentence for Counts 2.

> Robbery is a crime against possession, and is not affected by concepts of ownership. Similarly, one may only rob a person, and not a corporate entity, or an object such as a cash drawer. It follows that since there was only one victim, the [manager], who was by this single transaction despoiled of his possession of both his own money and his employer's money, there was only one robbery.

*Randolph v. State*, 246 Ga. App. 141, 144 (1) (538 SE2d 139) (2000) (citations and punctuation omitted). We agree with Moore and the State that only one armed robbery occurred. *See Jones v. State*, 279 Ga. 854, 857 (3) (622 SE2d 1) (2005) ("[W]here one victim is robbed of multiple items in a single transaction, only one robbery is committed."); *Bland v. State*, 264 Ga. 610, 612 (4) (449 SE2d 116) (1994); *Creecy v. State*, 235 Ga. 542, 544 (5) (221 SE2d 17) (1975). Consequently, the trial

4

court erred in entering a separate judgment of conviction and sentence for armed robbery as alleged in Count 3 of the indictment. That judgment of conviction is vacated, and the trial court is directed to strike the sentence imposed on the third count. *Randolph*, 246 Ga. App. at 144 (1).

2. Moore next argues that there was insufficient evidence to support one of his false imprisonment convictions. We conclude that the evidence was sufficient to establish that Moore falsely imprisoned the victim in question — as to this count, the employee T. R.

When we review challenges to the sufficiency of the evidence, "[w]e neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Otuwa v. State*, 319 Ga. App. 339, 339-40 (734 SE2d 273) (2012) (*citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 LEd2d 560) (1979)) (punctuation omitted). "To sustain a conviction for false imprisonment, the State must show evidence of an arrest, confinement,[2] or detention, and detention for a brief

---

[2] We may consider the word "confine" to have its commonly understood meaning, which is holding one within a location or keeping one within certain limits. *See Alexander v. State*, 279 Ga. 683, 686 (3) (620 SE2d 792) (2005).

amount of time is sufficient." *Pierce v. State*, 301 Ga. App. 167, 169 (1) (c) (687 SE2d 185) (2009); OCGA § 16-5-41(a). "It is for the jury to decide if the detention amounted to false imprisonment." *Pierce*, 301 Ga. App. at 169 (1) (c). Once the confinement or detention has occurred, "the offense is complete notwithstanding that the victim may thereafter effect an escape." *Kiser v. State*, 327 Ga. App. 17, 19 (2) (755 SE2d 505) (2014) (*quoting Herrin v. State*, 229 Ga. App. 260, 263 (3) (493 SE2d 634) (1997)) (punctuation omitted).

In his appeal, Moore argues there was no evidence showing that T. R. was ever confined or detained, as Moore was unaware of her presence. T. R. did not testify at trial. But other employees testified that T. R. observed Moore accosting A. J. as A. J. was attempting to leave the restaurant through the front door. When Moore confronted A. J., Moore revealed what appeared to be a gun hidden under his shirt and forced her back into the restaurant. Moore then ordered A. J. to lie on the floor. T. R., who was watching A. J. leave as a safety precaution, observed enough of this confrontation that she then ran to alert the manager that they were being robbed, and then activated the silent alarm in the back of the store and hid. The testimony from the other employees about T. R.'s actions — observing the encounter between Moore and A. J., retreating from the front door of the store to warn the manager of the

6

robbery, activating the silent alarm, and hiding in the back of the store — constitute sufficient evidence for the jury to determine that she was detained against her will. *See, e.g.*, *Kiser*, 327 Ga. App. at 19-20 (d) (evidence sufficient to support false imprisonment conviction where victim jumped through a window to escape mobile home when defendant was guarding the door); *Wilson v. State*, 304 Ga. App. 743, 747-48 (1) (d) (698 SE2d 6) (2010) (sufficient evidence supported false imprisonment conviction even though defendant blocked only the front door and left other avenues of escape). And the presence of this evidence distinguishes this case from others in which convictions have been reversed for false imprisonment. *Compare Benbow v. State*, 288 Ga. 192, 194 (702 SE2d 180) (2010) (reversing convictions for false imprisonment where there was no evidence that defendant, despite shooting a person at the front door of a house and taking money before fleeing, took any action to confine the victims to the house); *Ward v. State*, 304 Ga. App. 517, 523 (1) (c) (696 SE2d 471) (2010) (reversing false imprisonment conviction where there was no evidence the victim experienced any attempt to confine her to the bedroom where she was hiding). That Moore now claims on appeal that he was unaware of T. R.'s presence because he "surely . . . would have gathered her up with the other four employees had he known she was there" does not negate the evidence of false

imprisonment, as Moore's actions upon accosting A. J. as she attempted to leave the restaurant and his actions towards the other employees located inside clearly demonstrated an intent to confine them.

*Judgment affirmed in part, vacated in part with direction. Barnes, P. J., and Rickman, J., concur.*