304 Ga. 752
FINAL COPY

S18A1191.  SMITH v. THE STATE.

HUNSTEIN, Justice.

Appellant Jonathan Michael Smith appeals his convictions for murder and related offenses arising out of the beating death of sixteen-year-old Cheyenne Hair and her unborn child.[1] On appeal, Appellant asserts only that the evidence

---

[1] In February 2014, a Jackson County grand jury returned a ten-count indictment charging Appellant with murder, felony murder, aggravated assault, two counts of feticide, two counts of cruelty to children in the first degree, sexual exploitation of children, family violence battery, and false imprisonment. Following a trial conducted August 8-11, 2016, a jury found Appellant guilty on all counts. The trial court sentenced Appellant to life imprisonment without the possibility of parole for malice murder; life imprisonment for one count of feticide (to be served concurrently with the sentence for malice murder); twenty years' imprisonment for each count of cruelty to children in the first degree (to be served consecutively); twenty years' imprisonment for sexual exploitation of children (to be served consecutively); twelve months' imprisonment for family violence battery (to be served consecutively); and ten years' imprisonment for false imprisonment (to be served consecutively), for a total sentence of life imprisonment without the possibility of parole plus seventy-one years.  All other counts were merged or vacated by operation of law.

Appellant filed a motion for new trial in August 2016, which he amended in December 2016. Following a hearing, the trial court denied the motion for new trial as amended in May 2017, and Appellant filed a notice of appeal just days later. This appeal was docketed to the August 2018 term of this Court and submitted for a decision on the briefs.

was insufficient to support his conviction for false imprisonment. Finding no error, we affirm.

Reviewing the record in a light most favorable to the verdict, the evidence adduced at trial established as follows. In December 2013, emergency personnel and law enforcement responded to a residence in Jackson County, Georgia, following Appellant's 911 call reporting that his girlfriend, Cheyenne Hair, was unresponsive. Appellant, who was then 34 years old, initially reported to law enforcement that he had discovered Cheyenne's lifeless body in the bedroom of their shared residence when he had arrived home from work; he also reported that a cable technician named "Chad" had been recently harassing Cheyenne. Cheyenne was bruised about her face and body, and she was transported to a local hospital where she later died. A medical examiner testified that the victim died of blunt-force trauma to the head and was eight-weeks pregnant with Appellant's child at the time of her death.

During a subsequent search of the residence, law enforcement observed hasps on both interior and exterior doors, as well as windows that had been glued shut; padlocks were discovered in the kitchen, and keys to the locks were discovered elsewhere in the house. Investigators also discovered a cellular

2

telephone secreted in a wall. A search of the smartphone revealed earlier images of an obviously battered Cheyenne with duct tape over her mouth; in some photographs, Cheyenne appears to be asleep or unconscious. The phone also contained photographs of Cheyenne's genitals, and timestamps reflect that the photographs were taken just minutes before Appellant placed the 911 call. Among the text messages discovered on the phone was one sent from Appellant to Cheyenne's mother concerning Cheyenne being unfaithful:

> I'm not [going to hit her]. She's just scared I will cause I did everytime she's let him in my house. Now she can't let him in and he can't get in. So he's mad an she want's to leave. What should I thank. The only reason she has been here is so she could see him why I'm at work. Now she can't f**k him she wants to leave. That's how I see it. I'll be fine. I'm use to people doin me like this. Has been all my life.

While he was in pre-trial detention, Appellant told other inmates that he had kept Cheyenne locked in the house to prevent her from leaving and that Cheyenne had died while the couple had been engaged in physically aggressive sexual intercourse. Specifically, he told others that he had slammed her head into a bed frame and then a wall during sex, leaving a dent in the wall, and that he had dropped or pushed her onto her head following the completion of the sexual act, after which her eyes rolled back into her head.

3

The jury heard testimony, elicited pursuant to OCGA § 24-4-404 (b), that Appellant had restrained, abused, and raped other women with whom he had been romantically involved. The jury also heard testimony from various witnesses that no cable technician by the name of "Chad" could be found. Appellant testified on his own behalf, characterizing Cheyenne's death and earlier injuries as accidental and attributable to consensual, rough sex.

In his sole enumeration of error, Appellant contends that the evidence was insufficient for the jury to consider the charge of false imprisonment and that he was entitled to a directed verdict on the count. We disagree.

"The standard of review for the denial of a motion for a directed verdict of acquittal is the same as for determining the sufficiency of the evidence to support a conviction." Hester v. State, 282 Ga. 239, 240 (647 SE2d 60) (2007). When reviewing the sufficiency of the evidence,

> the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). "This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence." Hayes v. State, 292 Ga. 506, 506 (739 SE2d 313) (2013).

4

Thomas v. State, 300 Ga. 433, 436 (796 SE2d 242) (2017).

"A person commits the offense of false imprisonment when, in violation of the personal liberty of another, he arrests, confines, or detains such person without legal authority." OCGA § 16-5-41 (a). "To sustain a conviction for false imprisonment, the State must show evidence of an arrest, confinement, or detention, and detention for a brief amount of time is sufficient." (Citations and punctuation omitted.) Moore v. State, 340 Ga. App. 151, 154 (796 SE2d 754) (2017). "It is for the jury to decide if the detention amounted to false imprisonment." (Citation and punctuation omitted.) Taylor v. State, 344 Ga. App. 122, 131 (809 SE2d 76) (2017).

Here, there was ample evidence from which the jury could conclude that Appellant had unlawfully imprisoned Cheyenne. The jury heard testimony that there were hasps on both the interior and exterior doors of the residence, that padlocks and keys were found in the house, that the windows were glued shut, and that containers of epoxy were found in the residence; in fact, Appellant admitted to making the modifications to the residence, though he denied that it was to detain Cheyenne. Further, the State adduced a text message sent by Appellant to Cheyenne's mother indicating that Cheyenne was prevented from

5

letting her alleged paramour into the residence and that, likewise, the alleged paramour was prevented from gaining access to the house. Finally, the jury heard testimony from a cellmate that Appellant admitted to keeping Cheyenne locked in the house so that she was unable to leave. This evidence was sufficient for the charge of false imprisonment to be submitted to the jury and for the jury to return a guilty verdict on the count. See Pierre v. State, 330 Ga. App. 782 (1) (769 SE2d 533) (2015). See also Metts v. State, 297 Ga. App. 330 (1) (c) (677 SE2d 377) (2009), abrogated on other grounds, Stephens v. State, 289 Ga. 758 (716 SE2d 154) (2011).

Finally, though not raised by Appellant as error, in accordance with this Court's standard practice in appeals of murder cases, we have reviewed the record and find that the evidence, as discussed above, was sufficient to enable a rational trier of fact to find Appellant guilty beyond a reasonable doubt of the remaining crimes for which he was convicted. Jackson v. Virginia, supra.

Judgment affirmed. All the Justices concur.

Decided December 10, 2018.

Murder. Jackson Superior Court. Before Judge Mingledorff.

Debra K. Jefferson, for appellant.

J. Bradley Smith, District Attorney, Erica P. Shepley, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason M. Rea, Assistant Attorney General, for appellee.