**FIFTH DIVISION
MCFADDEN, C. J.,
MCMILLIAN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**October 2, 2019**

# In the Court of Appeals of Georgia

A19A1490. HANDLEY v. THE STATE.

MCMILLIAN, Presiding Judge.

John H. Handley appeals the trial court's denial of his motion for new trial after a jury convicted him of three counts of aggravated sodomy involving his 17-year-old nephew.[1] Handley argues on appeal that the evidence was insufficient to establish the element of force as required to sustain his convictions for aggravated sodomy. We disagree and affirm his convictions for the reasons explained below.

---

[1] The jury also convicted Handley of one count of incest, but the trial court reversed that conviction finding that the State did not prove beyond a reasonable doubt that Handley was the victim's uncle within the meaning of the incest statute, as the evidence did not exclude the possibility that they were related by only half-blood, a relation which does not support a conviction for incest. See *Gordon v. State*, 327 Ga. App. 774, 777 (1) (c) (761 SE2d 169) (2014); OCGA § 16-6-22.

Viewed in the light most favorable to support the verdict,[2] the evidence at trial showed that Handley gave his 17-year-old nephew a ride from a convenience store back to his grandmother's house, where Handley lived. They stopped on the way to buy some beer, and once home, they were watching televison in Handley's bedroom. After the nephew told Handley that he was not sleeping very well, Handley offered him a pill and a peach-flavored alcoholic beverage, which the nephew accepted. The nephew testified that he began to feel "out of it[,]" and he later told police that he was drifting in and out of consciousness after consuming the alcohol and pill. Handley concedes that while his nephew was under the influence of these substances, he "engaged [the nephew] in three acts of sodomy to which [the nephew] did not consent: one involving contact between Handley's mouth and [the nephew's] penis; one involving contact between [the nephew's] mouth and Handley's penis; and one involving Handley's penis and [the nephew's] anus." The nephew reported Handley's actions to friends, family, and police the next day. He testified at trial about experiencing these events and said that he was not able to fight off Handley because "he just felt kind of odd" as a result of the alcohol and drugs. The State also presented evidence that the nephew told the sexual assault nurse examiner ("SANE") who

[2] *Jackson v. Virginia*, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2

examined him the day after the assault that he "couldn't move that much" after ingesting the substances provided by Handley.

As his sole argument on appeal from his convictions, Handley argues that the evidence was insufficient to support the charges of aggravated sodomy because no rational juror could have found the essential element of force to support the crime.

> When reviewing the sufficiency of the evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence.

(Citations and punctuation omitted). *Smith v. State*, 304 Ga. 752, 754 (822 SE2d 220) (2018).

Georgia law defines sodomy as any sexual act involving the sex organs of one person and the mouth or anus of another. OCGA § 16-6-2 (a) (1). "A person commits the offense of aggravated sodomy when he or she commits sodomy with force and against the will of the other person or when he or she commits sodomy with a person who is less than ten years of age." OCGA § 16-6-2 (a) (2). Therefore, the crime of aggravated sodomy has three elements: (1) an act of sodomy; ( 2) with force; and (3)

against the will of another. Handley concedes that the State proved two of these elements: that he engaged in three separate acts of sodomy involving his nephew and that he did so without his nephew's consent, i.e., against his will. Cf. *Wynn v. State*, 322 Ga. App. 66, 67 (1) (744 SE2d 64) (2013) (Under the rape statute, "[t]he term 'against her will' means without consent[.]") (citation omitted). Therefore, the only element Handley contests is force. He contends that the record is devoid of any evidence of actual force and that evidence of constructive force based on the nephew's voluntary intoxication cannot be used to establish the crime of aggravated sodomy.

As this Court recently noted, "[a]lthough a majority of states do not criminalize conduct when a victim has become voluntarily intoxicated by drugs or alcohol, Georgia is *not* such a state." (Footnotes omitted and emphasis in original.) *Johnson v. State*, 2019 Ga. App. LEXIS 476, *5 (Case No. A19A1064, decided Aug. 23, 2019). Georgia courts have held that "[e]vidence of a victim's inability to give consent can be used to impute the element of force in certain sexual abuse cases involving a victim who is intoxicated, drugged, or mentally incompetent." *Melton v. State*, 282 Ga. App. 685, 691 (2) (c) (639 SE2d 411) (2006). Moreover, Georgia law recognizes that "[f]orce may be proved by direct or circumstantial evidence."

4

(Citation and punctuation omitted.) *Conley v. State*, 329 Ga. App. 96, 98 (2) (763 SE2d 881) (2014).

Our Supreme Court has defined the term "force" in the context of sexual offenses to mean "acts of physical force, threats of death or physical bodily harm, or mental coercion, such as intimidation" such as would be "sufficient to instill in the victim a reasonable apprehension of bodily harm, violence, or other dangerous consequences to [oneself] or others." (Citation and punctuation omitted.). *Watson v. State*, 293 Ga. 817, 821 (2) (750 SE2d 143) (2013). See also *Brewer v. State*, 271 Ga. 605, 607 (523 SE2d 18) (1999). Additionally, this Court has found in the context of aggravated sodomy that "[l]ack of resistance, induced by fear, is force." (Citation omitted.) *Conley*, 329 Ga. App. at 98 (2). See also *Derr v. State*, 239 Ga. 582 (1) (238 SE2d 355) (1977). The element of force for aggravated sodomy also "may be inferred by evidence of intimidation arising from the familial relationship[.]" (Citations and punctuation omitted.) *Williams v. State*, 284 Ga. App. 255, 256-257 (1) (a), (b) (643 SE2d 749) (2007). Each of these instances of force shares the common element of overcoming or inhibiting a victim's resistance to the defendant's sexual assault. See generally *Lipham v. State*, 257 Ga. 808, 809 (1) (b) (364 SE2d 840) (1988) (analyzing

the issue of deadly force in a rape case in terms of its effect "to overcome the victim's resistance").

In this case, Handley gave his 17-year-old nephew alcohol and an unknown drug in response to the nephew's complaint that he was having trouble sleeping, and the evidence shows these substances had the effect of causing the nephew to become "out of it" and unable to move even though he was aware of Handley's actions. Although the nephew accepted these substances voluntarily, the jury was authorized to conclude from the evidence that the nephew accepted them in an effort to help himself sleep, that he was unaware of the effect the substances would have on him, and that Handley provided the substances with the intent of rendering the nephew incapable of resisting his sexual advances. We conclude that such findings would be sufficient to establish the element of force to support Handley's aggravated sodomy convictions.[3]

In reaching this conclusion, we find the *Melton* case, upon which Handley relies, to be factually distinguishable. In *Melton*, the defendant was charged with two

[3] We note that the SANE testified that during her physical examination, she observed a small, shallow tear on the nephew's anus, which she said was consistent with his narrative of a non-consensual sexual encounter. However, she further testified that the injury also could be consistent with a normal bodily function or consensual sex.

counts of aggravated sodomy involving a mentally disabled woman who consented to acts of sodomy, but whom the State proved lacked the mental capacity to do so. 282 Ga. App. at 691-92 (2) (c). The State presented no evidence of actual force in connection with the charges against Melton, and this Court held that the State could not rely solely on the victim's lack of mental capacity to show both lack of consent and force to sustain defendant's convictions for aggravated sodomy charges under OCGA § 16-6-2 (a) (2). Rather, the Court held that the State was required to prove force as a distinct element of the crime, and without such proof, the defendant's actions were punishable as sodomy under OCGA § 16-6-2 (a) (1), which does not require proof of force. Id. at 692-93 (2) (c) See also *Brewer*, 271 Ga. at 607-08 (holding that State is required to prove actual force, although only minimal evidence is required, as a separate element of an aggravated sodomy charge involving a child under the age of consent).[4]

In contrast to the defendant in *Melton*, Handley did not merely perform acts of sodomy upon a victim who was incapable of consenting. Instead, he took affirmative

---

[4] We note that after the *Brewer* case was decided, the General Assembly amended OCGA § 16-2-2 to provide that an act of sodomy performed on a child less than ten years of age constitutes aggravated sodomy, without requiring proof of force. Ga. Laws 2000, p. 1346, § 1.

action against his victim, supplying him with a drug and alcohol that rendered him incapable of consenting *and* overcame his ability to resist. Handley's actions had the same effect as other types of actual force recognized in Georgia, and we accordingly affirm his convictions for aggravated sodomy.

*Judgment affirmed. McFadden, C. J., and Senior Appellate Judge Herbert E. Phipps concur*.