**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 25, 2025**

# In the Court of Appeals of Georgia

A25A0353. WADE v. THE STATE.

WATKINS, Judge.

Odies Christopher Wade appeals his convictions for possession with intent to distribute marijuana[1] and possession of a firearm by a convicted felon.[2] He argues that the trial court abused its discretion by permitting introduction of his prior criminal conviction and erred by refusing to bifurcate the trial. He also contends that the evidence was insufficient to sustain his convictions. For the reasons that follow, we affirm the trial court's denial of his amended motion for new trial.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the jury's verdict, with the defendant no longer

---

[1] OCGA § 16-13-30 (j).

[2] OCGA § 16-11-131 (b).

enjoying a presumption of innocence. We neither weigh the evidence nor determine witness credibility, which are tasks that fall within the exclusive province of the jury, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[3]

So viewed, the evidence shows that Wade was in an apartment with a friend when he heard female companions screaming outside the unit. Wade started to open the door, but saw the barrel of a gun and was able to shut the door. These would-be intruders then went around the unit and shot through a glass patio door, striking Wade in his thigh. When police responded to the shooting, they found large quantities of marijuana, cocaine, a revolver, and a shotgun. They also found items that police officers testified were related to the sale and distribution of drugs such as: a grinder; a vacuum-sealing appliance; rolling papers; a digital scale; a ledger containing names, weights and monetary amounts; and over $2,000 in cash.

Wade was indicted for two counts of possession with intent to distribute for the marijuana and cocaine and two counts of possession of a firearm by a convicted felon for the revolver and shotgun. Following a jury trial, the trial court convicted Wade of

---

[3] (Citation and punctuation omitted.) *Thompson v. State*, 370 Ga. App. 359, 360 (897 SE2d 505) (2024).

possession of marijuana with intent to distribute and possession of the shotgun by a convicted felon.[4] Wade appeals from the denial of his amended motion for new trial.

1. Wade first contends that the trial court abused its discretion by admitting his prior criminal conviction. We disagree.

Appellate courts "review the trial court's ruling admitting evidence under Rule 404 (b) for abuse of discretion."[5] Here, the State moved to admit Wade's 2013 conviction for possession of marijuana with intent to distribute. Wade opposed the motion, but the trial court permitted introduction of the evidence. The arresting officer from that case testified that he was patrolling a park when he encountered Wade at a vehicle that had the smell of marijuana emanating from it.[6] The officer determined that Wade had an outstanding arrest warrant. The officer asked Wade if he had marijuana in the car, and Wade responded that he did and allowed the officer to open the trunk. The officer found approximately 30 baggies of marijuana in a

---

[4] The jury found Wade not guilty of the cocaine charge as well as possession of the revolver.

[5] *Strong v. State*, 309 Ga. 295, 301 (2) (a) (845 SE2d 653) (2020).

[6] The officer was unavailable to testify, so his prior sworn testimony from the 404 (b) motion hearing was read to the jury.

backpack inside of the trunk, and a firearm under one of the seats of the car. Wade was convicted of possession of marijuana with intent to distribute.

> Under OCGA § 24-4-404 (b), evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith, but such other-acts evidence is admissible for other purposes, including to prove motive, intent, plan, and identity. The party offering evidence under Rule 404 (b) must show three things: (1) that the evidence is relevant to an issue in the case other than the defendant's character; (2) that the probative value of the evidence is not substantially outweighed by its undue prejudice; and (3) that there is sufficient proof for a jury to find by a preponderance of the evidence that the defendant committed the other act.[7]

Wade does not argue that the evidence was insufficient to establish by a preponderance of the evidence that he committed the prior act, so we do not address that element.

*(a) Relevance*

First,

> to determine whether such evidence actually is "relevant" for a particular purpose, we look to OCGA § 24–4–401 ("Rule 401"), which

---

[7] (Citation and punctuation omitted.) *Heard v. State*, 309 Ga. 76, 84 (3) (b) (844 SE2d 791) (2020).

deems evidence relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.[8]

"This is a binary question — evidence is either relevant or it is not."[9] "To prove that [Wade] committed the charged crime of possession of [marijuana] with intent to distribute, the State had to prove both that [Wade] had actual or constructive possession of the drugs and that he had the requisite intent to distribute them."[10]

A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404 (b) evidence absent affirmative steps by the defendant to remove intent as an issue. Where the extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses. Thus, where the state of mind required for the charged and extrinsic offenses is the same, the first prong of the Rule 404(b) test[,]requiring relevance to some issue other than character[,] is satisfied.[11]

---

[8] (Citation and punctuation omitted.) *Olds v. State*, 299 Ga. 65, 69–70 (2) (786 SE2d 633) (2016).

[9] *Strong*, 309 Ga. at 301 (2) (a).

[10] *Hargrove v. State*, 361 Ga. App. 106, 114 (2) (863 SE2d 364) (2021).

[11] (Citation and punctuation omitted.) *Olds*, 299 Ga. at 71 (2).

Here, Wade's prior conviction was for the exact same offense as one of his charges in the present case — possession of marijuana with intent to distribute. Accordingly, this evidence was relevant to Wade's intent to possess, control, and distribute the substantial amount of drugs found in the apartment.

*(b) Rule 403 Analysis*

Second, for evidence of other acts to be admitted under Rule 404 (b), the evidence must pass the test of OCGA § 24–4–403 ("Rule 403"), which provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. The application of the Rule 403 test is a matter committed principally to the discretion of the trial courts, but as we have explained before, the exclusion of evidence under Rule 403 is an extraordinary remedy which should be used only sparingly.[12]

[T]he extent to which evidence tends to make the existence of a fact more or less probable depends significantly on the quality of the evidence and the strength of its logical connection to the fact for which it is offered. The Rule 403 analysis requires a common sense assessment of all the circumstances surrounding the extrinsic act and the charged offense including the prosecutorial need for the extrinsic evidence, the

---

[12] (Citation and punctuation omitted.) *Olds*, 299 Ga. at 70 (2).

overall similarity between the extrinsic act and the charged offense, and the temporal remoteness of the other act. In reviewing issues under Rule 403, we look at the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact.[13]

Here, the probative value of the prior conviction was high. There was strong prosecutorial need for the evidence because the State had to establish that Wade knowingly had "both the power and the intention at a given time to exercise dominion or control over"[14] the drugs and weapons.

> To prove constructive possession, the State must establish a link between the defendant and the contraband that goes beyond mere spatial proximity. Such connection can be made where the evidence shows that the contraband was discovered on premises occupied and controlled by the defendant with no right of equal access and control in others. Control may be inferred if the defendant owns or resides in the premises, but not if he is merely an occupant.[15]

---

[13] (Citations and punctuation omitted.) *Hargrove*, 361 Ga. App. at 115-116 (2) (c) (ii).

[14] (Citation and punctuation omitted.) *Herberman v. State*, 287 Ga. App. 635, 637 (1) (653 SE2d 74) (2007).

[15] (Citation omitted.) *Truitt v. State*, 266 Ga. App. 56, 58 (2) (596 SE2d 219) (2004).

In other words, the State had to prove that Wade had control over the contraband, rather than mere spacial proximity to it. To do so, the State pointed to evidence that Wade was a resident of the apartment — such as his driver's licenses being found in a bedroom dresser drawer, Wade's pay stub being in the apartment, a canine vaccination form identifying the apartment at issue as Wade's address, and the absence of information in the apartment identifying a different resident.[16] As highlighted by the defense, there was contradictory evidence whether Wade lived at the apartment: the driver's licenses and pay stubs listed a different address for Wade, and the apartment lease was in the name of Wade's father. Moreover, another individual was in the apartment with Wade at the time of the shooting. Accordingly, there was a high prosecutorial need to bolster the State's argument that Wade constructively possessed this contraband.

As for the similarity between the prior and charged offenses, they were nearly identical. Wade was found in proximity of significant quantities of marijuana packaged in a way to promote its distribution.[17] Thus, evidence of the prior offense was "highly

---

[16] See (Citation and punctuation omitted.) *Herberman v. State*, 287 Ga. App. 635, 637 (1) (653 SE2d 74) (2007).

[17] See, e.g., *Hargrove*, 361 Ga. App. at 116 (2) (c) (ii).

probative to show [Wade's] intent with respect to the charged offenses."[18] As to temporal remoteness, Wade does not argue that the prior conviction was too remote to be admissible.

In balancing the probative value of this evidence against any prejudice, we again note that both situations involve Wade engaged in the same form of criminal conduct — possession of drugs packaged for distribution. Other than recounting commission of a crime, the officer's testimony was not inflammatory — the officer testified to a compliant and respectful interaction, free from any violence, during which Wade honestly admitted to the possession of drugs and assisted the officer in locating the drugs. "Keeping in mind that the exclusion of evidence under Rule 403 is an extraordinary remedy which should be used only sparingly, we cannot say that the trial court abused its discretion in finding that the probative value of [Wade's] prior conviction[ ] was not substantially outweighed by unfair prejudice."[19] Moreover, we

---

[18] Id. at 116.

[19] (Citation and punctuation omitted.) Id. at 117 (2) (c) (ii).

note that any risk of undue prejudice was mitigated by the trial court's limiting instructions regarding the purpose for which the prior conviction was admitted.[20]

2. Wade next argues that the trial court erred in refusing to bifurcate his trial between his drug and firearm charges. Again, we disagree.

The Georgia Supreme Court has

> provided guidance for when trial courts should grant a motion to bifurcate trial on a charge of possession of a firearm by a convicted felon and a more serious charge to protect the rights of the accused under the Due Process Clause of the Fourteenth Amendment. If a felon-in-possession-of-a-firearm charge and a more serious charge are unrelated, [that Court] explained, the trial court must grant a motion to bifurcate trial on the two charges to avoid the possibility that the jury will be unduly influenced by evidence of the defendant's prior criminal record.[21]

That being said, the Georgia Supreme Court has also held that failure to do so can constitute harmless error when the defendant's status as a convicted felon is already properly before the jury.

---

[20] See, e.g., *Jernigan v. State*, 357 Ga. App. 415, 425 (2) (a) (ii) (848 SE2d 707) (2020).

[21] (Citations and punctuation omitted.) *Charles v. State*, 315 Ga. 651, 659 (4) (884 SE2d 363) (2023).

The test for determining nonconstitutional harmless error is whether it is highly probable that the error did not contribute to the verdict. And in considering whether a trial court's error was harmful, [the appellate court] weigh[s] the evidence as we would expect reasonable jurors to have done so, as opposed to assuming that they took the most pro-guilt possible view of every bit of evidence in the case.[22]

The Georgia Supreme Court recently held that failure to bifurcate multiple felon-in-possession charges was harmless error when one of those charges served as the predicate offense for the defendant's felony murder charge and, therefore, was not subject to bifurcation.[23] Any error in failing to bifurcate the remaining felon-in-possession charges was harmless because evidence of the defendant's prior felony conviction was otherwise properly before the jury.[24] Similarly, given our holding in Division 1 that Wade's prior conviction was properly admitted pursuant to Rule 404,

---

[22] (Citation and punctuation omitted.) *Hayes v. State*, 320 Ga. 505, 519 (5) (910 SE2d 198) (2024).

[23] Id.

[24] Id. at 520 (5).

and therefore the jury was made aware of Wade's status as a felon, it is highly probable that any error in failing to bifurcate the felon-in-possession charges was harmless.[25]

3. Lastly, in related claims of error, Wade argues that the evidence was insufficient to sustain his convictions.

> When reviewing the sufficiency of the evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. [Appellate courts do] not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence.[26]

As discussed above, the State had the burden of proving that Wade was in constructive possession of the drugs and shotgun. To do so, the State introduced some evidence that Wade lived at the apartment, including his driver's licenses being located in a bedroom dresser drawer, his pay stub being found in the apartment, a canine vaccine record listing the apartment address as his residence, and the lack of anything in the apartment indicating residency by anyone else.

---

[25] Indeed, Wade was found not guilty of one of the felon-in-possession charges and one of the drug charges.

[26] (Citations and punctuation omitted.) *Smith v. State*, 304 Ga. 752, 754 (822 SE2d 220) (2018).

With regard to the drugs, the State properly admitted evidence of Wade's prior drug conviction and introduced evidence of large quantities of readily visible drugs and drug paraphernalia, as well as what appeared to be a drug sales ledger and over $2,000 in cash. As to the shotgun, the State played an audio recorded interview of Wade from the hospital where he stated that after the attempted break-in, he tried to get the shotgun to use it to defend himself, demonstrating his knowledge of the shotgun's presence in the apartment. Moreover, the testimony and crime scene photos demonstrate that the shotgun was visibly lying on the floor at the foot of the bed in the main bedroom.

> The intent to exercise control over the drugs and gun[ ] may be derived from the surrounding circumstances such as . . . the presence of significant amounts of contraband and drug paraphernalia in plain view; [and] the defendant's possession of large amounts of cash, other indicia of the sale of drugs, or drug-related paraphernalia[.][27]

Georgia law is clear that

> to warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude

---

[27] (Citation and punctuation omitted.) *Hill v. State*, 360 Ga. App. 143, 149 (860 SE2d 893) (2021).

every other reasonable hypothesis save that of the guilt of the accused. And where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of the guilt of the accused, we will not disturb that finding unless it is insupportable as a matter of law.[28]

"The question as to whether any alternative hypotheses are reasonable and whether the circumstantial evidence excludes any such hypotheses is for the jury to resolve."[29] Here, the jury was authorized to reject as unreasonable Wade's defense that he was merely present in an apartment that had drugs and a shotgun inside it.

*Judgment affirmed. Barnes, P. J., and Brown, J., concur.*

---

[28] (Citations and punctuation omitted.) *Perrault v. State*, 316 Ga. 241, 246 (1) (887 SE2d 279) (2023).

[29] (Citation and punctuation omitted.) *McCoy v. State*, 315 Ga. 536, 542 (b) (883 SE2d 740) (2023).